ELIAS BEDAL *vs.* CYRUS B. SPURR.

February 14, 1885.

**Practice — Verdict Received by Stipulation in Absence of Judge.—**
Where, in a civil action, a verdict proper in form was received and duly recorded by the clerk before the final adjournment of the court, in the absence of the presiding judge, but in pursuance of the stipulation of the parties, *held*, that neither party should be permitted to object to it for such irregularity merely.

**Same—Form of Objection.—**Where the general form of an objection tends to mislead the trial court as to the particular ground relied on, but which is not indicated or suggested, its decision overruling such objection cannot be insisted on as error upon such particular ground.

Evidence *held* sufficient to sustain the verdict.

Plaintiff brought this action in the district court for Redwood county, to recover for goods sold and also for a balance due on an account stated. At the trial, before *Webber*, J., and a jury, defendant had a verdict which was entered in the manner stated in the opinion. Plaintiff appeals from an order refusing a new trial.

*D. M. Thorp* and *J. M. Thompson*, for appellant.

The verdict in this action was void. *Nomaque* v. *People*, 1 Ill. 145; *Root* v. *Sherwood*, 6 John. 68; *Blakely* v. *Sheldon*, 7 John. 30; Hilliard on New Trials, 237, 241; 3 Wait's Practice, 193; 3 Blackstone,

Com. 377; *Com.* v. *Durfee,* 100 Mass. 146; *Com.* v. *Tobin,* 125 Mass. 203; *Com.* v. *Costello,* 128 Mass. 88; *Lawrence* v. *Stearns,* 11 Pick. 501; *Peiffer* v. *Com.,* 15 Pa. St. 468; *Trout* v. *West,* 29 Ind. 51; *Willett* v. *Porter,* 42 Ind. 250; *Baltimore & O. R. Co.* v. *Polly,* 14 Gratt. 447; *City of Chicago* v. *Rogers,* 61 Ill. 188; *Cox* v. *State,* 2 Pac. Rep. 155; Gen. St. 1878, c. 66, § 232.

*John Lind,* for respondent.

VANDERBURGH, J.   The question which was chiefly argued on this appeal is the alleged irregularity in the matter of the rendition of the verdict in this case.   The verdict having been agreed on by the jury, the same was received and recorded by the clerk in the absence of the judge, in pursuance of the consent of the parties, previously duly given in open court.   A new trial is sought on this ground, notwithstanding such stipulation.   The jury had retired in the charge of an officer to consider their verdict, and before they had agreed, the judge being obliged to be absent, the parties expressly consented that the verdict, if agreed on, might be received in his absence; and he accordingly, in pursuance of such stipulation, directed the clerk to so receive and record it, and thereupon left the court-room.   No other irregularity is complained of, save only that the judge was not present when the verdict was rendered; and we must assume that the proceedings were otherwise regular in fact and in form.   It does not appear that the court was adjourned; but it would seem that the verdict was duly agreed on, and in proper form and properly recorded, while the court was still in session.   The practice is not to be commended or encouraged, for obviously the judge ought to be present; but there is no suggestion of any prejudice, and as the irregularity was expressly induced by the action of the plaintiff himself, the verdict will not be set aside on this ground, unless the proceeding is wholly void.

We do not think it necessarily follows that a verdict so received by consent is a nullity in a civil action.   Suppose, after the entry of the verdict under such circumstances against him, the plaintiff were to come into court and stipulate to waive all objections thereto for the cause we are considering, might it not be made the basis of a valid judgment?   If so, the proceeding was not a nullity.   Macn. Null.

(Law Lib. N. S.) \*8. We think plaintiff's consent was equivalent to such waiver, and he will not now be heard to object to the verdict on that ground, though entitled to insist upon any other objections or irregularities. The verdict was subject to the subsequent control of the court if any irregularity or prejudice were made to appear. In *Burlingame* v. *Burlingame*, 18 Wis. 285, and in *Sorrelle* v. *Craig*, 9 Ala. 535, 536, the verdict was received by the clerk by consent of the parties in the absence of the judge, and the jury dispersed and did not afterwards return to express their formal assent to it, yet the verdicts were sustained, and the irregularity held cured by the consent of the parties.

There is no pertinency in the suggestion that there was an attempt to invest the clerk with duties belonging to the judge. He seems in this matter simply to have exercised the ministerial duties pertaining to his own office, and the judge finds nothing in the record to disapprove.

2. We are of the opinion that the record discloses evidence sufficient to sustain the verdict. The plaintiff seeks to recover for goods which defendant claims to have bought of his son Lafayette Bedal, and to have paid for to the latter under circumstances such as to indicate that he was the owner; and there is evidence tending to establish such a state of facts, and that the plaintiff authorized or permitted his son so to deal with the property.

3. The exception to the evidence of the acts and conversations or admissions of Lafayette Bedal ought not, we think, to be sustained. The only objection to it insisted on in this court is that it appeared that he was dead; but we think the general objection made on the trial was not sufficiently specific to indicate to the court that such was the nature of the objection, but rather that the evidence was generally incompetent and irrelevant, because relating to the statements of one not a party to the suit.

Order affirmed.