JOHN C. JOHNSON and Another v. PETER OKERSTROM and Others.[1]

December 3, 1897.

Nos. 10,773—(89).

**Appeal—Objection to Evidence—Ground of Objection.**

An objection to the admission of evidence, to be available, must direct the attention of the trial court to the precise ground of objection urged on appeal.

**Corporation de Facto—Corporate Existence—Evidence.**

For the purpose of establishing the existence of a corporation de facto, oral testimony not purporting to give the contents of corporate records or documents, tending to show that, after an attempt to organize a corporation by the execution of articles of incorporation, the supposed corporation held meetings, adopted by-laws, elected officers (who acted for the corporation), issued stock and did business as a corporation, is admissible, without producing the corporate records or accounting for their loss. *Held*, further, that it was not error to permit the members of the associa-

[1] Reported in 73 N. W. 147.

tion to testify that they never claimed to the plaintiffs that it was a partnership, but did claim that it was a corporation.

**Same—Essential Elements—Finnegan v. Noerenberg, 52 Minn. 239, Followed.**

*Held,* following Finnegan v. Noerenberg, 52 Minn. 239, that a de facto corporation exists where there is a law authorizing the creation of a corporation, an attempt to organize a corporation pursuant to it, and user as a corporation under such attempted organization. A substantial compliance with the law is not necessary to the existence of a corporation de facto, but there must be a colorable compliance with it, followed by a user, as a corporation, of the rights which the parties believed and claimed were conferred upon them by the attempted organization.

**Same—Sufficiency of Evidence.**

*Held,* that the evidence was sufficient to sustain the verdict.

Action in the district court for Hennepin county to recover $459.59 and interest. From an order, Smith, J., denying plaintiffs' motion for judgment notwithstanding the verdict for defendants or for a new trial, plaintiffs appealed. Affirmed.

*W. A. McDowell,* for appellants.

In order that there be a de facto corporation the persons must have been capable of becoming a corporation de jure. Abbott v. Omaha, 4 Neb. 416; Greene v. Dennis, 6 Conn. 293; Duke v. Taylor, 37 Fla. 64; 1 Thompson, Corp. § 505; Evenson v. Ellingson, 67 Wis. 634, and cases cited. A de facto corporation is one where an effort has been made to organize under some law authorizing the organization, but there has been an irregularity in its organization. Duke v. Taylor, supra. Where individuals have sought to become incorporated under a general law requiring certain acts to be done as prerequisite to the assumption of corporate powers, substantial performance of such acts is necessary to form a corporation good as against even a collateral attack. Mokelumme v. Woodbury, 14 Cal. 425; New York v. Mayor, 104 N. Y. 1; Bigelow v. Gregory, 73 Ill. 197; Cross v. Pinckneyville, 17 Ill. 54; Angell & Ames, Corp. § 81; Field v. Cooks, 16 La. An. 153; Agnew v. Bank, 2 Harr. & G. 478; Fire Dept. v. Kip. 10 Wend. 266; Bank v. Earle, 13 Pet. 519, 597; Granby v. Richards, 95 Mo. 106; Valk v. Crandall, 1 Sand. Ch. 179; Bergeron v. Hobbs, 96 Wis. 641.

Failure to have the articles signed was before the court in Valk v. Crandall, supra, and Unity v. Cram, 43 N. H. 636. In each of these cases a failure to sign the articles by the number of persons required by statute was held fatal. Bigelow v. Gregory, supra; Cook, Stockh. § 233; Kaiser v. Lawrence, 56 Iowa, 104.

*J. L. Brady* and *S. L. Pattee,* for respondents.

Having objected to evidence on specific ground, and thereby directed the attention of the court and opposing counsel to that ground alone, appellants cannot now claim that the evidence should have been excluded upon a ground not presented to the court below. Schwartz v. Germania, 21 Minn. 215; Bedal v. Spurr, 33 Minn. 207; Gilbert v. Thompson, 14 Minn. 414 (544).

Wherever the admissibility of corporate records has come before the courts, the question has generally been, not whether the acts of a corporation could be proved otherwise than by the records, but whether the records were admissible at all, and if so to what extent. Schell v. Second Nat., 14 Minn. 34 (43); Com. v. Woepler, 3 S. & R. 29. Oral testimony of what was done at corporate meetings is not excluded by the fact that the meeting keeps minutes which may be evidence. Inglis v. Great Northern, 1 Macqueen, 112, 118; Miles v. Bought, 3 Q. B. 845; 1 Wharton, Ev. (3d Ed.) § 77. And it has even been held that corporate records may be disputed by oral testimony. St. Louis v. Tiernan, 37 Kan. 606; 6 Thompson, Corp. § 7735.

An association may be regarded as a de facto corporation where there is a law authorizing corporations of its class and powers, and where there has been an attempt in good faith to comply with the law. Cozzens v. Chicago, 166 Ill. 213; Evenson v. Ellingson, 67 Wis. 634; Methodist v. Pickett, 19 N. Y. 482; Finnegan v. Noerenberg, 52 Minn. 239; Eaton v. Walker, 76 Mich. 579; Georgia v. Mercantile, 94 Ga. 306. If a law exists under which a corporation of the kind claimed might be formed, and there has been a bona fide attempt to comply with it, slight evidence of user is all that is required, and much less than was shown in this case would satisfy the requirements of the law. Methodist v. Pickett, supra; Finnegan v. Noerenberg, supra; Trustees v. Froislie, 37 Minn. 447. In Washington v. Duke, 14 Iowa, 14, articles of incorporation were

adopted, officers elected, and the corporation entered upon the business prescribed in its articles, but the articles were not recorded as required by law until after the contract sued upon in the action was made. It was held to be a de facto corporation. See, also, Tarbell v. Page, 24 Ill. 46; Rondell v. Fay, 32 Cal. 354; Keene v. Brady, 48 Md. 184; Central v. Alabama, 70 Ala. 120; Snider v. Troy, 91 Ala. 224; Eaton v. Walker, supra; Haas v. Bank, 41 Neb. 754; Hamilton v. Clarion, 144 Pa. St. 34; Spahr v. Farmers, 94 Pa. St. 429; North v. State, 107 Ind. 356; Supreme v. Supreme, 94 Wis. 234; Hudson v. Green, 113 Ill. 618; Pape v. Capitol, 20 Kan. 440; Buffalo v. Cary, 26 N. Y. 75; Eaton v. Aspinwall, 19 N. Y. 119; Newcomb v. Reed, 12 Allen, 362; Walworth v. Brackett, 98 Mass. 98; Bakersfield v. Chester, 55 Cal. 98; Dannebroge v. Allment, 26 Cal. 286; Lamming v. Galusha, 81 Hun, 247; Bushnell v. Consolidated, 138 Ill. 67.

Nor does the fact that the articles of incorporation in this case were filed by the town clerk instead of being recorded, assuming that they were not recorded, take this case out of the rule. Walton v. Riley, 85 Ky. 413; Bushnell v. Consolidated, supra; Vanneman v. Young, 52 N. J. L. 403; Jewell v. Grand Lodge, 41 Minn. 405.

The plaintiffs, having dealt with the alleged corporation as such, are estopped from denying its corporate existence. Gartside v. Maxwell, 22 Fed. 197; Oregonian v. Oregon, 23 Fed. 232; Cochran v. Arnold, 58 Pa. St. 399; Livingston v. Drummond, 49 Neb. 200; Stout v. Zulick, 48 N. J. L. 599. The rule is the same whether the attempted corporation was under a special act or a general law. Merchants v. Stone, 38 Mich. 779; Bushnell v. Consolidated, supra; Spelling, Priv. Corp. § 57; Kleckner v. Turk, 45 Neb. 176; Johnston v. Gumbel (Miss.) 19 South. 100; McCarthy v. Lavasche, 89 Ill. 270; Newburg v. Weare, 27 Oh. St. 343; Board v. Shields, 62 Mo. 247; Worcester v. Harding, 11 Cush. 285; 6 Thompson, Corp. § 7648.

The variance in name does not affect the liability of defendants. Kentucky v. Wallace, 15 B. Mon. 35; Hoboken v. Martin, 13 N. J. Eq. 427; Northwestern v. Brant, 69 Ill. 658; Clement v. City, 5 Am. & Eng. Corp. Cas. 565. The alleged partnership of defendants was not proved. Snider v. Troy, supra; 2 Morawetz, Corp. § 748.

START, C. J.

Action upon three promissory notes, payable to the plaintiffs, and signed "Schulin, Linden, Lindberg & Co." The complaint alleged that the several defendants were co-partners, doing business as such under the name by which the notes were executed. The answer denied that the defendants were partners, or ever executed the notes as such or otherwise, and alleged that the notes were executed by a corporation known as the Isanti & Chisago Farmers' Co-operative Association, doing business under the name of Schulin, Linden, Lindberg & Co. Upon this issue the defendants had a verdict, and the plaintiffs appeal from an order denying their motion for a new trial.

1. The plaintiffs introduced in evidence certain articles of association (plaintiffs' Exhibit E), executed by five of the defendants. Thereupon the defendants offered the following certificate, indorsed upon the articles:

"County Isanti, Town of Isanti, State of Minnesota:
"I hereby certify that the within instrument was filed this 3d day of July, A. D. 1891.

"John Linden,
"Town Clerk."

The objection to the admission of this certificate and the ruling of the court were in these words:

"I object to that as incompetent, irrelevant and immaterial, not being an instrument that the statute contemplates being filed with the town clerk.
"The Court: The objection is overruled, on the ground that it is not necessary to show the corporation de jure; a de facto corporation is sufficient."

The first error assigned is this ruling, on the ground that there was no evidence that John Linden was town clerk or that the signature to the certificate was his. No such objections were made on the trial and they cannot be made here for the first time. Bedal v. Spurr, 33 Minn. 207, 22 N. W. 390. The objection made when the certificate was offered directed the court's attention only to the claim that the instrument was one which was not entitled to be filed.

2. The trial court received oral evidence over the plaintiffs' objection and exception tending to show that the defendants, after executing Exhibit E, held meetings, adopted by-laws, issued stock and did business as a corporation.

The admission of this evidence is the basis of plaintiffs' assignments of error Nos. 2, 3, 4, 7, 8, and 12. The objection to the evidence was that the records were the best evidence of the acts of the alleged corporation. It appears from the record that minutes of the meetings of the association were kept by its secretary upon loose sheets of paper which were turned over to his successor. These memoranda were not produced on the trial or their loss proven. A book purporting to contain the by-laws was, however, produced, but no evidence was given as to their contents. A certificate of stock issued to one of the defendants was also given in evidence.

Whether the records of a corporation are the best evidence of its corporate acts, so as to exclude oral evidence of such acts where the records are capable of being produced, is one as to which the authorities are not agreed. But that question is not involved in this case, for the oral evidence received was for the purpose of showing the existence of a de facto corporation with which it was claimed the plaintiffs contracted. The oral evidence did not purport to give the contents of any records or documents, but was to the effect that, after defendants adopted and executed the articles of association, the supposed corporation did, in fact, hold meetings, adopt by-laws, elect officers who acted for the corporation, and that stock was issued. This evidence was competent, without producing the records for the purpose of proving a corporation de facto.

On principle it would seem that where, as in this case, the defendants are seeking to avoid their liability as alleged partners by showing that they were a de facto corporation with whom the plaintiffs dealt, the best evidence to prove the fact would be the sworn testimony of competent witnesses as to what, in fact, was done. 6 Thompson, Corp. §§ 7735, 7736.

Assignments of error 5, 9, and 11 are to the effect that the court erred in permitting certain of the defendants to testify, in effect, that the association claimed to be a corporation, and that the de-

fendants never claimed or informed the plaintiffs that the association was a partnership. It was not error to receive this evidence. It was competent on the question of user, and in connection with the other evidence on that question. The trial court permitted one of the defendants to testify that more than seven persons associated themselves together for the purpose of forming the corporation, the plaintiffs objecting thereto, on the ground that it was "incompetent, irrelevant and immaterial, the record being in evidence, and being the only proper evidence." It was a technical, but not a reversible, error to receive this evidence, for the omission to have, at least, seven persons execute the articles of incorporation, could not be cured by showing that the requisite number had agreed to do so. But the trial court instructed the jury that no de jure corporation was formed, for the reason that only five persons signed the articles; hence the error was harmless. It necessarily follows that it was not error for the court to refuse the plaintiffs' offer to show that only the five persons signing the articles had agreed to enter the corporation before the articles were executed.

3. At the close of the evidence the plaintiffs requested the court to instruct the jury to return a verdict for them. This was refused, and the jury were instructed, in effect, that if the defendants were a corporation de facto, and conducted their business as a corporation, and the plaintiffs knew that they were acting as a corporation, and dealt with them as such, they could not hold the defendants as co-partners, or recover in this action; that, if the defendants in good faith organized and carried on their business under the articles of incorporation (Exhibit E), they would be a corporation de facto, and not liable as partners. The giving of these instructions and the refusal to give the one requested are assigned as error.

This raises the question whether the evidence was sufficient to justify the giving of the instruction and to sustain a finding that the defendants were a de facto corporation, and that the plaintiffs knew it, and dealt with them as such corporation, when they took the notes in question.

The evidence shows that five only of the defendants executed Exhibit E, the articles of association, whereby the defendants attempted to become incorporated under the provisions of Laws 1870,

c. 29 (G. S. 1894, §§ 2903–2912, inclusive), as a co-operative association, to be known as the Isanti & Chisago Farmers' Co-operative Association, under the firm name of Schulin, Linden, Lindberg & Co. The articles were filed in the office of the proper town clerk, but it does not appear whether or not he recorded them. The articles complied with the law in all respects except they were not executed by seven persons, as the statute requires, and were not recorded, but filed in the town clerk's office. The evidence tends to show that each of the defendants, after the articles were executed, took one share of the stock of the association, and thereafter they transacted the business of the association, including the execution of plaintiffs' notes as a corporation, in good faith, believing and claiming it to be such. It is clear from the evidence that a de jure corporation was not organized, but the evidence is sufficient to sustain a finding that the association was a de facto corporation.

The plaintiffs claim that because the articles of association were not signed by seven persons and were not recorded, there could be no de facto corporation, and rely in support of the claim upon the case of Johnson v. Corser, 34 Minn. 355, 25 N. W. 799. The claim ignores the fundamental principles applicable to corporations de facto; for, if there had been a compliance with the statute in the respects complained of, a corporation de jure would have been created. Johnson v. Corser is not in point. That was a case where parties desiring to make a certain street improvement associated themselves together for that purpose and signed articles of incorporation; but no attempt was made to give any publicity to them by filing or recording or otherwise, until after the work had been performed for which the action was brought against the associates as partners. The plaintiffs also rely upon the case of Bergeron v. Hobbs, 96 Wis. 641, 71 N. W. 1056. The case is directly in point, but its value as an authority is seriously impaired by an able and exhaustive dissenting opinion. Besides, it seems to be opposed to the weight of authority. It is certainly not in harmony with the decisions of this court.

"A de facto corporation exists where there is a law authorizing the creation of corporations, an attempt to organize a corporation

pursuant to it, and user as a corporation under such attempted organization."

"Color of apparent organization under some charter or enabling act does not mean that there shall have been a full compliance with what the law requires to be done, nor a substantial compliance. A substantial compliance will make a corporation de jure. But there must be an apparent attempt to perfect an organization under the law. There being such apparent attempt to perfect an organization, the failure as to some substantial requirement will prevent the body being a corporation de jure; but, if there be user pursuant to such attempted organization, it will not prevent it being a corporation de facto." Finnegan v. Noerenberg, 52 Minn. 239, 244, 53 N. W. 1150.

The mere fact, however, that there is a law under which a corporation might be created, and that the parties have agreed among themselves to act, and have acted, as a corporation, is not sufficient to constitute them a corporation de facto. There must be, at least, a colorable compliance with a law under which a corporation de jure might be lawfully created by a substantial compliance with such law, and a user as a corporation under such attempted organization.

In this case the evidence shows that there was a bona fide attempt to incorporate, and a colorable compliance with the law, followed by a user as a corporation of the rights which the parties believed and claimed were conferred upon them by their attempted organization. The evidence was therefore sufficient to justify the instructions of the trial court and to sustain a finding that the notes were executed by a de facto corporation.

Upon the further question whether the plaintiffs knew that the defendants were a corporation and dealt with and accepted the notes of the corporation, the evidence is not as satisfactory as it is upon the other questions, but it sustains the verdict in this particular.

Order affirmed.