## BYRONVILLE CREAMERY ASSOCIATION v. THOMAS F. IVERS.[1]

July 15, 1904.

Nos. 13,921—(190).

**Incorporation.**

A number of citizens—more than seven—executed articles of incorporation for the organization of a creamery association, under the provisions of sections 2903 to 2912, inclusive, G. S. 1894, and filed the same for record in the proper office. It not appearing that the articles were recorded as provided by statute, and it appearing that no provision was made in the articles or otherwise for the issuance and payment of capital stock, *held*, that the association did not become a corporation de jure.

**Estoppel.**

Although respondent signed the organizing agreement, whereby he promised to deliver to the creamery the milk from a certain number of cows, and although he participated in the first proceedings with reference to organization, yet, having severed his connection with the association before the completion of the enterprise and the transaction of business, *held*, in an action against him for damages in failing to furnish the milk, he was not estopped from asserting that the association was not a corporation de jure.

Action in the district court for Waseca county to recover from defendant $150 for breach of a contract entered into by defendant and other promoters of plaintiff preliminary to its attempted incorporation. The case was tried before Buckham, J., who directed a verdict in favor of plaintiff for one dollar. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*John Moonan*, for appellant.

*F. B. Andrews* and *P. McGovern*, for respondent.

LEWIS, J.

On January 29, 1898, respondent, with other citizens of Waseca county, entered into the following agreement:

We the undersigned citizens of Waseca county, state of Minnesota, do hereby agree to form ourselves into an associa-

[1] Reported in 100 N. W. 387.

tion to be known by the name of Byronville Creamery Association, and we agree to borrow the sum of three thousand dollars, or less, to put up a building and equip it with the necessary machinery, and jointly to become personally responsible for the sum borrowed including interest. The money to be raised in the manner agreed upon by the association. We also agree to furnish the milk from the number of cows opposite our names.

Respondent signed for eight cows. In pursuance of this agreement, articles of incorporation and by-laws were drawn, and respondent, among others, signed the same. The by-laws provided for a sinking fund of five per cent. of the amount of milk received at the creamery, which was completed in the early summer of 1898. Respondent failed to furnish any milk, and this action was brought to recover the amount which would have been placed in the sinking fund had he delivered the milk from the number of cows signed for by him. Judgment having been ordered for appellant for nominal damages, it appealed from an order denying a new trial.

The principal defense interposed was that appellant was not legally incorporated, and was not entitled to maintain the action. An attempt was made to incorporate under the provisions of sections 2903 to 2912, inclusive, G. S. 1894. Articles were signed by more than seven persons, but it does not appear whether the articles were recorded as provided by the statute, although filed for record. The articles provided that there should be three hundred shares, at $10 per share, but no provision was made either in the articles or by-laws for the issuance or payment of capital stock. No stock was ever subscribed for, although there was attached to the articles a list of names, opposite which were set down certain numbers of shares; but it was in no sense a stock subscription, because there was an entire absence of any agreement to that effect. No capital stock was ever issued or paid for. In the absence of stock and stockholders, the annual meeting which elected directors and officers must have been illegal. It is evident that the organization never was a corporation de jure. Johnson v. Okerstrom, 70 Minn. 303, 73 N. W. 147.

The next question is, were respondent's relations with the company such that he is estopped from denying that appellant is a corporation

de jure? Respondent was present at the meeting held January 29, at which a committee reported favoring the organization, signed the articles of agreement, and elected officers, respondent being chosen vice president. From time to time, committees were appointed to report on plans of building and machinery, and during a part of this period respondent took part in the proceedings; but, being dissatisfied with the action of the majority, he refused to take any further part, and, when the creamery was finally completed, declined to furnish any milk, and patronized another creamery. It is fairly to be inferred from respondent's conduct that he severed his entire connection with the association before it was completed and ready for business. Although the record shows he was elected vice president at the meeting of organization, January 29, 1898, and re-elected at the annual meeting January 2, 1899, yet there is no evidence that he ever accepted the office or took part in any of the proceedings of the association. Respondent is not estopped as a stockholder, because he never actually subscribed for any stock. He is not estopped as an officer, never having acted as one, nor accepted office. At the time of severing his relations with the association, he was in no manner bound by anything except his agreement to furnish milk from eight cows, and, if the association did not organize in a legal manner, and if he was in no way personally connected with or responsible for its conduct in attempting to organize, he is not estopped from taking advantage thereof.

It appears from the memorandum of the trial court that appellant was granted nominal relief only, upon the ground that it had another remedy by the sale of respondent's interest in the sinking fund. Whether or not the court gave the correct reason, the right result was reached, and the order appealed from is accordingly affirmed.

Order affirmed.