[No. 23240. Department One. August 25, 1931.]

GUSTAV REFSNES, *Respondent,* v. JAMES W. MYERS
*et al., Appellants.*[1]

*R. J. Boryer, Carkeek, McDonald & Harris,* and
*H. C. Tingvall,* for appellants.

*Vanderveer, Beardslee & Bassett,* for respondent.

HOLCOMB, J.—Respondent sued appellants individually, alleging that they were copartners engaged in the business of selling blue foxes, with their principal place of business in Seattle, to recover eight hundred dollars and interest upon a contract for the sale and delivery to him of four pairs of blue foxes. The complaint set up a contract in writing, dated April 17, 1925, which recites:

"Fox Farmers is a corporation engaged in the business of raising and handling foxes and has sold to Gustav Refsnes four (4) pairs of Grade A Blue Foxes, two pairs 1924 pups and two pairs 1925 pups

[1] Reported in 2 P. (2d) 656.

for the purchase price of Eight Hundred ($800.00) Dollars and the express charges from Alaska to Seattle and delivery to be made at Seattle, Washington.''

Then follow the terms of payments, the dates of delivery and conditions as to shipment. The contract is signed ''Fox Farmers by C. E. Remsberg, Sec., Gustav Refsnes by A. G. Ness, Agent.''

Allegations of full payment having been made by respondent, non-performance by appellants, demand upon appellants for the return of the eight hundred dollars with interest, and failure and refusal to comply with such demand, were made.

Appellants answered separately denying the allegations of the complaint.

Upon the trial of the case before the judge and a jury, at the conclusion of respondent's evidence appellants moved for a directed verdict, and in the alternative for a nonsuit, which motions were denied. Appellants elected to stand upon their motions and introduced no evidence. After the return of the verdict of the jury for the full amount of the contract price, appellants timely moved for judgment n. o. v., or in the alternative for a new trial, both of which were denied and judgment was entered on the verdict.

The facts adduced at the trial by respondent are substantially these: The contract in writing with Fox Farmers, a corporation, was entered into on the date thereof, appellant Remsberg signing the contract for Fox Farmers as secretary, and respondent by Ness, his agent. A receipt for a remaining portion of the purchase price paid by Ness was also issued, signed by ''Fox Farmers by C. E. Remsberg, Sec.'' Ness read the contract, knew its contents, and knew when he paid the money that he was paying it to Fox Farmers. Remsberg, called as a witness by respond-

ent, testified that the corporation received the eight hundred dollar payment, and he endorsed the draft as secretary of the corporation. There were no stockholders at that time interested in the venture, or the corporation, except Remsberg, Bixby and Myers. It was stipulated that the articles of incorporation of Fox Farmers had not been filed in the county auditor's office of King county. Respondent states in his brief, and appellants admit in their briefs, that the articles of incorporation were filed with the secretary of state. The articles are not in the record, and there is nothing to show by the articles where the principal place of business of the corporation was intended to be.

The contention of respondent in the lower court was, and is here, that he was not confined to an action against Fox Farmers, a corporation, but could recover from all of appellants, individually, as partners, because Fox Farmers had not filed a copy of its articles in the county auditor's office of King county.

The contention of appellant in the court below was, and is here, that, since the contract was with Fox Farmers, a corporation, the money was paid to and received by the corporation and not by appellants, the complaint containing no allegation of the illegality of the incorporation of the company; that they are not liable as partners.

The trial court charged the jury in substance in one instruction that, if they should find that King county was the principal place of business of Fox Farmers, and further found that a copy of its articles had not been filed with the county auditor of that county, then appellants would be liable as partners on this contract, if the money had been paid to one of them.

Respondent relies upon the statutes, Rem. Comp. Stat., §§ 3803, 3805 and 3809, relating to corporations for, among other things, engaging in any species of

trade or business, authorizing incorporation therefor by two or more persons, by making and subscribing written articles of incorporation in triplicate, acknowledging them before any officer authorized to take acknowledgments, filing one of such articles in the office of the secretary of state, another in the office of the county auditor of the county in which the principal place of business of the company is intended to be located, retaining the third in the possession of the corporation; and when the certificate shall have been filed, the persons who shall sign and acknowledge the same, and their successors, shall be a body corporate and politic in fact and in name, by the name stated in the certificate.

Respondent then asserts, that it has uniformly been held that the filing of the articles of incorporation in the office of the county auditor in the county where the corporation intends to have its principal place of business is a condition precedent to corporation existence either *de jure* or *de facto*.

It is not to be doubted that the great weight of authority is that compliance with the statutory provisions is necessary to create a corporate existence *de jure*. One of our cases, cited by respondent, *Miller v. Denman,* 49 Wash. 217, 95 Pac. 67, 16 L. R. A. (N. S.) 348, is not to that effect. That was a case to recover a stock subscription under the trust company act where the organization of a trust company had been attempted, subscriptions to the stock received by the promoters, and the incorporation later abandoned.

Respondent quotes texts, cites many authorities, and asserts that, by the great weight of authority, the failure to file the articles of incorporation, as specified by statute, renders the members individually liable for debts and obligations incurred in the name of the cor-

poration. It is useless to discuss the texts and authorities cited because of the state of the law here.

It is well settled here, in accordance with what we consider the weight of authority, that when a body of men are acting as a corporation under color of apparent organization in pursuance of some charter or enabling act, their legal authority to act as a corporation cannot be questioned collaterally, but only in a direct proceeding in the nature of *quo warranto*. *Kwapil v. Bell Tower Co.*, 55 Wash. 583, 104 Pac. 824; *American Radiator Co. v. Kinnear*, 56 Wash. 210, 105 Pac. 630, 35 L. R. A. (N. S.) 453; *Ivy Press v. McKechnie*, 88 Wash. 643, 153 Pac. 1067; *Yotter v. Lynch*, 162 Wash. 532, 298 Pac. 709.

In the *Ivy Press* case, *supra*, we said:

"The appellant, having dealt with the Home Investment Company as a corporation, knowing the business it intended to do, and knowing all about the affairs of that corporation, and having entered into a contract with that corporation which is clearly valid, cannot now hold the stockholders personally liable by claiming that the corporation had no legal existence."

The same situation exists in the case at bar. Respondent sued on the contract in question and cannot deny its validity. He dealt with the corporation, not the individuals. A corporation received the money and agreed to perform the contract, not the individuals. There was no allegation or proof of any fraud practiced by the individuals in obtaining the contract for the corporation. The corporation has assumed to act in its corporate capacity.

 Contrary to the assertion of respondent, we consider the great weight of authority is that the individual members who promote a corporation, which becomes at least a *de facto* corporation, by having attempted in good faith, so far as the record shows, to organize a corporation, followed by user as a corpora-

tion, cannot be held individually liable as partners. 7 R. C. L. §§ 64 and 332; *Frawley v. Tenafly Transportation Co.,* 95 N. J. Law 405, 113 Atl. 242, 22 A. L. R. 369. In the annotations following the cited case, id., p. 376, referring to some of the cases cited by respondent, it is stated that the decisions therein are opposed to the weight of authority. A Minnesota case, *Johnson v. Akerstrom,* 70 Minn. 303, 73 N. W. 147, is quoted in part as follows:

"A de facto corporation exists where there is a law authorizing the creation of a corporation, an attempt to organize a corporation pursuant to it, and user as a corporation under such attempted organization. . . . A substantial compliance will make a corporation *de jure.* . . . There being such apparent attempt to perfect an organization, the failure as to some substantial requirement will prevent the body from being a corporation *de jure;* but, if there be user pursuant to such attempted organization, it will not prevent it being a corporation *de facto.*"

The California supreme court, reversing a decision by the district court of appeal, where the statute has a similar provision to ours requiring a copy of the articles to be filed in the county where the corporation intends to transact its principal business, decided to the same effect as our own cases. It declared that the great weight of authority is to that effect. *Midwest Air Filters Pacific, Inc. v. Finn,* 201 Cal. 587, 258 Pac. 382.

It is our opinion, therefore, the denial of the motions for dismissal, or for judgment n. o. v., were erroneous, and that the verdict and judgment against appellants individually cannot be sustained.

The judgment is reversed, and the action ordered dismissed.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.