[No. 24202.   Department One.   July 13, 1933.]

THE SHEFFIELD COMPANY, *Respondent,* v. R. HOE & COMPANY, INC., *et al., Appellants.*[1]

*Geo. H. Crandell,* for appellants.

[1] Reported in 23 P. (2d) 876.

HOLCOMB, J.—Upon educing order from confusion, due to the assembling on appeal of the records in several cases in the lower court, it appears that this was tried as an action to quiet title in respondent against an execution sale by the sheriff and a writ of assistance, issued out of the lower court, which execution continued in force an attachment against certain lots and parcels of land in Seattle and King county, Washington, in so far as the sale and writ of assistance affected lot 13, block 33, Capital Hill Subdivision No. 5, in Seattle.

Originally, there were two actions pending in the lower court; one by John T. Wheatman and Mary Wheatman, his wife, against R. Hoe & Co., Inc., a corporation, and the other by J. D. Benner against Wheatman and wife, as assignee after maturity of a note given by the Wheatmans to R. Hoe & Co. Writs of attachment had been sued out in both causes. Large demands and counter demands had been made by the parties in both actions, and on the application of all of the parties they were consolidated for trial before a jury on April 9, 1929. The consolidated causes were thereafter tried to a jury, which rendered a verdict in favor of R. Hoe & Co. in the sum of $5,185.59. Thereupon, judgment was entered by the court upon the verdict for that sum, with interest at the legal rate of six per cent from June 26, 1929, $640 as reasonable attorney's fees, and the costs therein taxed.

The several lots and tracts of land of the Wheatmans which had been attached in the suits of R. Hoe & Co. and Benner were sold by the sheriff on November 16, 1929. The year of redemption having expired, thereafter, on May 12, 1931, a writ of assistance was procured by R. Hoe & Co. to dispossess the Wheatmans of the lot above described. The Wheatmans resisted the writ of assistance and sought to have it set

aside as invalid, which was properly denied by one of the judges of the lower court. After several preliminary skirmishes over the writ of assistance and a petition to set it aside on the ground that the lot above described was the sole and separate property of Mary Wheatman, which had been conveyed by her to respondent corporation, it was permitted to try the question of the title of respondent corporation and the Wheatmans in an action in the nature of a suit to quiet title. This was accordingly done.

The trial court, although the suit was one in equity and no findings were necessary, at the request of the parties made findings and, among other things, found that respondent is a corporation duly organized and existing under the laws of Washington and had paid the last annual license fee; that R. Hoe & Co., Inc., is a corporation organized and existing under the laws of New York; and that appellant Bannick is the sheriff of King county.

The trial court also found that, in 1903, John T. Wheatman and Mary Wheatman were lawfully intermarried and ever since have been, and now are, husband and wife; and that, prior to their marriage, Mary Wheatman had accumulated and had at the time of the marriage approximately three thousand dollars, and had likewise acquired a certain lot, described in the findings, from homestead funds on or about April 12, 1901; that, on or about October 3, 1906, Mary Wheatman, out of her own funds, paid for the property involved and hereinbefore described, one thousand dollars, and executed with her husband a mortgage in the sum of two thousand five hundred dollars and an additional mortgage of five hundred dollars, with the understanding and agreement between husband and wife that the wife would pay out the remaining pur-

chase price on the property and that it was to be her separate estate.

It was also found that, on or about June 3, 1907, Mary Wheatman sold one of the parcels of real estate for $2,100, and immediately applied the same, with other funds of her own, to the mortgage or mortgages then remaining on the property representing the purchase money of the lot involved herein and under and pursuant to that understanding and agreement between her and her husband above recited. It was further found that Mary Wheatman and John T. Wheatman, sometime in 1911, executed a new mortgage upon the home property, hereinbefore described, and several times renewed it and there remained against that property at the time of the findings a balance due on the mortgage in the sum of $1,954.20, and that, in each of the renewal mortgages, both the husband and wife signed as mortgagors.

The court further found that, on or about November 5, 1928, defendant R. Hoe & Co. caused the home property to be attached by a proper attachment issued out of the causes hereinbefore mentioned, and that the property was thereafter, on about November 15, 1929, offered for sale, and was purchased under the judgment of R. Hoe & Co. by it, and a sheriff's certificate of sale was thereupon duly issued to it, and on January 12, 1931, the sheriff issued to R. Hoe & Co. a deed to the property here involved, and that the property in issue was transferred to the Sheffield Company, November 10, 1928.

From the foregoing findings of fact, the court entered the conclusions of law that, at the date of the purchase of the property in issue, the title to it became fixed in the following ratio: one-fourth as the separate property of Mary Wheatman and three-fourths as the community property of Mary Wheatman and John T.

Wheatman, as a marital community; and that the later payments by Mary Wheatman of the remaining portion of the purchase price did not alter the ratio of title to the property involved. It was also concluded that the ratio of ownership separately by Mary Wheatman as against the community remained fixed until the transfer of the property to the Sheffield Company, and that the sale by the sheriff under the judgments obtained against the community of the Wheatmans, in the causes referred to, operated to give over to R. Hoe & Co., Inc., a three-fourths interest in that property, subject to all the liens by way of mortgages, taxes and assessments existing at date of sale.

Judgment was entered in accordance with the above findings and conclusions, from which this appeal was taken.

Complaints are made of many orders of the trial court.

In the course of the proceedings in this cause, several orders were made both for and against respondent relating to the consolidated actions and to the petition of respondent to vacate the writ of assistance. These orders were merely interlocutory orders, which finally culminated, after a vigorous contest between the parties, in an order of one of the judges, on November 2, 1931, that the petition of respondent to vacate the writ of assistance should be dismissed *without prejudice;* in particular, without prejudice to the maintenance of an independent suit to quiet title to the property involved herein. It will thus be manifest that a contention that the former orders were *res judicata* in this cause is untenable.

Neither was the action premature. No action could have been maintained by respondent at any earlier stage of the proceedings than after the execu-

tion sale by the sheriff, the remedy being then available at any time within the proper statutory limitation.

Appellant further contends that, by virtue of Rem. Rev. Stat., §§ 573 and 577, a definite and positive manner in which the adverse claim of respondent should have been adjudicated is given, which should have been pursued. Those statutes, however, relate to claim by a third person to property levied on or attached. We have held that they are not mandatory. *Mayer v. Woolery,* 10 Wash. 354, 39 Pac. 135.

An action to quiet title in one claiming adversely is the usual procedure. It is a cumulative remedy, and the statutory remedy is not exclusive.

It appears from the record that respondent is a corporation organized entirely by the Wheatman family. It was authorized to do business by the secretary of state on November 16, 1928. The trial judge treated the corporation as being merely the individuals John T. Wheatman and Mary Wheatman. This, we think, was correct under the record herein.

The contention of appellant that respondent was not legally incorporated because it had never filed a copy of its articles of incorporation in the office of the county auditor of King county is one that cannot be sustained, as its legal authority to act as a corporation cannot be questioned collaterally, but only in a direct proceeding in the nature of *quo warranto. Refsnes v. Myers,* 164 Wash. 205, 2 P. (2d) 656.

Appellant also complains that the evidence as to the nature of the separate estate of Mary Wheatman was only that of herself, without corroboration. The trial judge deplored that fact, and thought that there ought to be legislation requiring corroboration in such cases, but that, since the evidence was not contradicted in any way, he felt bound to accept it. He accordingly

based his findings on that testimony, which he deemed credible, and we cannot disturb his findings.

Several other questions are raised by appellant, which, upon examination, under the issues presented, are found without substantial merit.

After a diligent examination of the record, we can find nothing to justify us in disturbing the findings and judgment of the trial court.

Affirmed.

MILLARD, MITCHELL, STEINERT, and TOLMAN, JJ., concur.