### SINGER MANUF'G CO. v. PECK.

Under Comp. Laws, Sec. 2905, providing that upon the filing of articles of incorporation the secretary of state shall issue a certificate reciting that the articles containing the required statement of facts have been filed, and that thereupon the persons signing such articles shall be a body corporate, it is not necessary that any of the capital stock of such corporation shall have been actually subscribed or paid in at the time the articles were filed, and the failure to subscribe or pay in such capital stock is not a fraud on the part of the incorporators for which they can be held liable.

(Opinion filed June 24, 1896.)

Appeal from circuit court, Minnehaha county. Hon. JOS. W. JONES, Judge.

Action by the Singer Manufacturing Company against Porter P. Peck, to make him liable for a debt incurred by the Wolgemuth Shirt Company, a corporation. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Winsor & Kittredge*, for appellant.

Defendant, having given his faith and credit to the corporation, should be held liable. Wechelberg v. Flower City Nat. Bank (Wis.), 64 Fed. 90; Burns *et al.* v. Beck *et al.*, 10 N. E. 121.

*Aikens, Bailey & Voorhees*, for respondent.

CORSON, P. J. This is an appeal from an order sustaining a demurrer to the complaint. The allegations in the complaint are, in substance, as follows: That the plaintiff is a corporation; that the Wolgemuth Shirt Company is a duly organized corporation of the state of South Dakota; that said last named corporation was organized and incorporated by five persons named, of whom the defendant was one; that said corporation was one *de facto* only, and had no legal right to transact business or obtain credit; that it did obtain a large amount of credit, and that it purchased of the plaintiff a large number of sewing machines, of the value of $600; that said corporation had no capital, and none of its capital stock was paid for, and that said defendant Peck was the treasurer of said corporation; that an action was duly commenced by this plaintiff, and prosecuted to judgment, against the said Wolgemuth Shirt Company, execution issued thereon, and the same returned unsatisfied, "and that said corporation has no property, and is totally and wholly insolvent. (4) And the said plaintiff further complains and alleges that said corporation never had any funds, * * * and that the holding out of said corporation as a legal corporation, and one that had complied with the law by the said corporators, was a fraud upon the persons from whom they obtained goods upon credit, and especially upon this plaintiff, all of which was well known to the incorporators and organizers of said company, and especially to the above-named defendant. (5) And the plaintiff further alleges that it has no way of collecting said indebtedness unless the incorporators of said company shall be made to pay such indebtedness. Plaintiff therefore demands judgment against the defendant, Porter P. Peck, for the amount due on plaintiff's judgment against the Wolgemuth Shirt Company, together with the costs and disbursements of this action, and such other and further relief as to the court may seem just and equitable." Only the substance of such parts of the complaint as we deem material under the stipulation hereinafter referred to has been given. To the

complaint a demurrer was interposed by the defendant, one of
the grounds of which was that the complaint did not state facts
sufficient to constitute a cause of action.   The parties in the
court below entered into a stipulation, the material part of
which is as follows:   "On said appeal the question on which
the case shall be decided is the question as to whether the com-
plaint states facts sufficient to constitute a cause of action
against said defendant, on the ground that he was one of the
incorporators of the Wolgemuth Shirt Company, and that
the said complaint shall be construed solely as attempting to
constitute a cause of action against him; not upon contract for
liability upon an unpaid stock subscription, but upon his being
one of said incorporators, and upon his alleged liability, on the
ground that the holding out of said corporation as a legal cor-
poration was a fraud upon the plaintiff."    Sec. 2905, Comp.
Laws, provides:   "Upon the filing of articles of incorporation
with the secretary of the territory he shall issue to the corpor-
ation, over the great seal of the territory, a certificate that the
articles containing the required statement of facts have been
filed in his office; and thereupon the persons signing the arti-
cles, and their associates and successors, shall be a body poli-
tic and corporate by the name and for the purposes stated in
said articles."    When the certificate specified in this section is
issued, the corporation would seem to be perfected, and pos-
sess all the powers of a corporation.    There seems to be no
provision in the statutes of this state requiring any part of the
capital stock to be paid in or subscribed as a condition preced-
ent upon which the corporation is authorized to transact busi-
ness.    In most of the states their incorporation acts provide
for the subscription and payment of a certain proportion of the
capital stock as a condition to the right of the corporation to
transact business.    When such is the case, incorporators who
proceed to incur debts in the name of the corporation before
such funds are provided, have been held liable for such debts.
In Wechselberg v. Bank, 12 C. C. A. 56, 64 Fed. 90, and Burns

v. Beck (Ga.), 10 S. E. 121, incorporators were held liable. In the former case the court says, in the majority opinion: "By the common law there was no individual liability of the members of a corporation for corporate debts beyond the enforcement of their agreed contributions to the capital stock.  * * * Therefore, if complete corporate existence was obtained and perfected by the act of filing the articles of association without compliance with any of the requirements of Sec. 1773, the associates are not subject to common-law liability. On the other hand, it is well settled that an attempted or pretended incorporation, not perfected as the enabling act requires, does not confer this immunity, and all who are parties to the simulated corporation as associates or shareholders are held liable at common law for debts contracted under the corporate guise. While the courts have differed in naming this liability—whether in the nature of co-partners or resting 'upon the ordinary principles of contract and agency' or upon fraud—they agree in holding liable in some form all who are engaged in the defective corporate enterprise." The court then proceeds to discuss the various provisions of the Wisconsin statute, and arrives at the conclusion that the incorporators, having proceeded to contract the debt before the fund required by the statute to perfect the incorporation had been provided, were liable as the act provided; that the corporation should not exercise corporate functions—that is, "the transaction of business with any others than its members—until it should have provided a capital stock in conformity with Sec. 1773."

In the case of Burns v. Beck *supra*, two of the corporators held the corporation out to the world as being duly organized, while according to the allegations of the complaint all the stock had not been subscribed and 10 per cent. paid in, as required by the statute of Georgia, as conditions precedent to the right to the transaction of business by the corporation. Neither these nor any other conditions precedent to the corporation transacting business in this state have been imposed. The

credit, therefore, in the two cases cited—and they seem to be all the cases bearing upon this question that the researches of counsel have been able to bring to our attention—was obtained by the wrongful acts of the corporation in holding out the corporation as authorized to transact business as a corporation, when in fact the corporation was not so authorized. The corporators in these cases committed a fraud upon the creditors. But in the case at bar it does not appear that the corporators did any act that they were not fully authorized to do under the statute, or that they by act or word made any representations they were not legally authorized to make. This being so, we can discover no principle of law by which the defendant would be liable under the allegations of the complaint. In holding out the corporation as legally incorporated, the defendant committed no fraud, as the plaintiff alleges, and correctly, that the corporation was duly organized. It is true, it is further alleged that it was only a *de facto* corporation, but that is a mere conclusion of law. The fact that our statute does not require of corporations the subscription to and payment of a certain per cent of its capital stock before the corporation can transact business imposes upon persons dealing with corporations organized under the laws of this state greater caution and vigilance, but this court cannot impose upon corporations a greater liability than is imposed upon them by law, and, the law not having specially prescribed that corporators shall be liable in such a case as that described by the complaint, and no actual fraud or misrepresentation being alleged, this court cannot discover any ground upon which the defendant can be held liable. He cannot be held liable at common law. He cannot be held liable on the ground of misrepresentations, as he has made none; nor upon the ground of fraud, as none is alleged. We are of the opinion, therefore, that the court properly sustained the demurrer to the complaint, and the order of the circuit court appealed from is affirmed.