## In Re Petition of MEE et al.

MEE et al, Appellants, v. HIRNING, as Superintendent of Banks of the State of South Dakota, et al, Respondents.

(189 N. W. 675.)

(File No. 5085.   Opinion filed August 5, 1922.   Rehearing denied August 31, 1922.)

1. **Pleadings—Demurrer, Motion to Quash, Facts Admitted Under —Rule.**

    A demurrer and motion to quash which is in nature of a demurrer admit all material allegations of the petition for writ of prohibition that are well pleaded and pertinent to the issue, but do not admit inferences or conclusions drawn therefrom unless necessarily presumed or inferred from the facts alleged; nor do they admit conclusion of law contained in the pleading.

2. **Banks and Banking—Prohibition Restraining Banks Superintendent and Depositors' Guaranty Fund Commission from Issuing Authorization Certificate to New Bank—Plenary Existing Bank Facilities as Grounds—Non-interference by Courts with Commission's Discretion—Former Opinion Followed.**

    In a proceedings for writ of prohibition restraining defendants superintendent of banks and Depositors' Guaranty Fund Commission of the state from admitting a new bank at C under the Depositors' Guaranty Fund, and from issuing certificate authorizing the proposed bank to commence business; plaintiffs alleging that the two existing banks at C of which they are principal stockholders (one a national, the other a state bank) are and have been transacting the banking business there for more than 20 years, as sole banks in the town of about 1100 population, that within a radius of 15 miles therefrom lie six other cities each having at least two banks; the two plaintiff banks having a total capitalization of $150,000,

that they have furnished complete and adequate banking fa-
cilities at and in the territory naturally tributary thereto, that
the town and adjacent territory does not warrant an additional
bank, whose establishment would result in great damage and
irreparable injury to plaintiffs and their banks, that if the
proposed bank should be admitted under Depositors' Guaranty
Fund and receive business certificate, deposits of such new
bank would be guaranteed in part by assets of one of the peti-
tioners; that more than a year has elapsed since issuance of
charter to the new bank, but that said Fund Commission did
not within the year thereafter admit and has not admitted said
bank under Depositors' Guaranty Fund of South Dakota nor
has any certificate of authorization been issued thereto; that
said new bank has failed to open for business at C or else-
where, and has forfeited its charter and has no farther legal
existence; but that unless restrained defendants will issue cer-
tificate thereto to so commence business; held, it appearing
that neither the superintendent of banks nor the Depositors'
Guaranty Fund Commission agree with plaintiffs as to the ne-
cessity or advisability of establishing the new bank at C, the
former holding of this Court herein (187 N. W. 540) to the
effect that whether another bank should be allowed in said
community, even if not within absolute discretion of Banking
Department, should not be controlled by courts unless there is
clear abuse of discretion and power vested in said Banking De-
partment, is adhered to; and held, that no abuse of discretion
herein is shown.

3.  Banks and Banking—Paid-up Capital, Certificate of Authoriza-
    tion, Admission Under Depositors' Guaranty Fund, Mainten-
    ance of Fund as Principal Requisites.

    Under the Banking Act, before a state bank can transact
    business it must have paid in its capital stock and complied
    with all statutory provisions entitling it to engage in business
    (Sec. 8955, R. C.), the Superintendent of Banks must so find,
    and issue his certificate of authority (Sec. 8952), the bank
    must be admitted to Depositors' Guaranty Fund and pay there-
    to 4% of its capital stock (Sec: 9016), which fund must be·
    kept as a credit fund at an amount not more than 1½ nor.
    less than 1% of average daily deposits for preceding twelve.
    months (Sec. 9011).

4.  Same — Depositors' Guaranty Fund, Its Purpose, How Kept —
    Money in Fund Not Bank but Fund Property.

    . The Depositors' Guaranty Fund under the state banking law
    is in nature of a permanent fund to protect depositors; is to
    be "levied, kept, collected and applied for that purpose" (Sec.
    9010; R. C.).; it is credited to or paid into said fund (Secs.

9015-9018), and is drawn out only on Depositors' Guaranty Commission's check (Sec. 9020); it is not property of bank in which deposited but is that of Depositors' Guaranty Fund, no part of which is to be returned to bank, except what may remain after paying bank's obligations.

5. Same—Existing State Bank, Petition to Prohibit New Bank, Presumption of Former's Solvency and Continued Business Integrity—Petitioner's Liability, Deposits as Basis, Unchanged by Admission of New Bank—Parties "Beneficially Interested" in Proceeding—Statute.

It being presumed that one of the petitioner state banks in a proceeding to prohibit entry of new bank at C, is solvent, and will continue to conduct its business with ordinary skill and honesty and comply with banking laws, its liability and that of its stockholders, being based on the percentage of its deposits, is neither increased nor diminished by admission of another solvent bank at C under the Depositors' Guaranty Fund. Therefore held, that neither of the plaintiffs (stockholders, one in a national, the other in a state bank at C) will be unjustly or injuriously affected by issuing certificate authorizing a proposed new bank to commence business or admitting it under Depositors' Guaranty Fund; therefore neither is "beneficially interested" in the pending writ of prohibition under Sec. 3020, Code 1919.

6. Corporations—State Banking Corporation, Forfeiting Charter of, Non-status of Private Petitioner—State as Sole Statutory Assailant.

A private individual may not, in this state, bring actions forfeiting a corporation's charter; it can only be brought by the State, as provided by Secs. 2781-2783, Code 1919, as amended by Laws 1919, Ch. 281.

Appeal from Circuit Court, Minnehaha County. Hon. Louis L. Fleeger, Judge.

In the Matter of the Petition of James Mee and James S. Thomson for a writ of prohibition to John Hirning, as Superintendent of Banks of the State of South Dakota, and John Hirning, M. Plin Beebe and others as members of and constituting the Depositors' Guaranty Fund Commission of the State of South Dakota; wherein said Mee and Thomson bring action against John Hirning as Superintendent aforesaid, and John Hirning, M. Plin Beebe, C. H. Lien and William Hoese, as members of and constituting the Depositors' Guaranty Fund aforesaid, for a writ of prohibition restraining said defendants from admitting the

Farmers' Security State Bank of Centerville, South Dakota, under
the Depositors' Guaranty Fund of this state, and restraining said
Superintendent of Banks from issuing a certificate authorizing
said Farmers' Security State Bank to commence business. From
an order sustaining a demurrer to the petition and affidavits, and
granting defendant's motion to quash the writ, plaintiffs appeal.
Affirmed.

   *H. E. Judge,* and *S. K. Grigsby,* for Appellant.
   *Byron S. Payne,* Attorney General, for Respondents.

   SHERWOOD, J. This is an action brought by James Mee
and James S. Thomson against John Hirning, as superintendent
of banks of the state of South Dakota, and John Hirning, M.
Plin Beebe, C. H. Lien, and William Hoese, as members of and
constituting the depositors' guaranty fund commission of the state
of South Dakota, for a writ of prohibition restraining said de-
fendants from admitting the Farmers' Security State Bank of
Centerville, S. D., under the depositors' guaranty fund of this
state, and restraining the superintendent of banks from issuing
a certificate authorizing the said Farmers' Security State Bank
of Centerville to commence business.

   Plaintiffs allege in their petition that the plaintiff James S.
Thomson is one of the stockholders of the Bank of Centerville,
and the plaintiff James Mee is one of the stockholders of the
First National Bank of Centerville, in this state; that both plain-
tiffs are citizens, residents, and taxpayers of said city of Center-
ville and state of South Dakota; that the First National Bank
of Centerville is a banking corporation organized and existing
under the laws of the United States, and the Bank of Center-
ville is a banking corporation organized and existing under the
laws of this state, and both said banks have been transacting the
business of banking in the town of Centerville, in this state, and
had their principal places of business therein for more than 20
years, and during that time no other bank has been established
therein; that Centerville has approximately 1,100 population, and
within a radius of 15 miles lie the cities of Davis, Hurley, Viborg,
Irene, Wakonda, and Beresford, and that each of these cities has
at least two banks; that the First National Bank of Centerville
has a capital stock of $100,000 and the Bank of Centerville has
a capital stock of $50,000; that said two banks have furnished

complete and adequate banking facilities to the citizens and residents of Centerville and the territory naturally tributary thereto; that neither the size of Centerville nor the banking business transacted in the town and territory adjacent warrants or justifies an additional bank, and that the establishment of a third bank would result in great damage and irreparable injury to plaintiffs and to said banks; that the Bank of Centerville has been admitted under the depositors' guaranty fund as provided by law, and, if the Farmers' Security State Bank should be admitted under the depositors' guaranty fund, and receive a certificate to do business, the deposits of such Farmers' Security State Bank would be guaranteed in part by the assets of the petitioner James S. Thomson; that John Hirning is superintendent of banks of South Dakota; that John Hirning, M. Plin Beebe, C. H. Lien, and William Hoese constitute the depositors' guaranty fund commission of this state; that, on or about the 13th of February, 1920, the Secretary of State issued to the Farmers' Security State Bank a corporate charter evidencing the corporate existence as a state bank of said Farmers' Security State Bank; that the Farmers' Security State Bank has made application to the depositors' guaranty fund commission of South Dakota for admission under the depositors' guaranty fund, and has made application to the superintendent of banks of this state for a certificate authorizing it to commence the banking business; and that such application was made prior to the commencement of this action.

The petition further recites that more than a year has elapsed since the issuance of said charter to the Farmers' Security State Bank, and that the depositors' guaranty fund commission of South Dakota did not within one year after the issuance of the charter admit and has not admitted the Farmers' Security State Bank under the depositors' guaranty fund of South Dakota, and that the superintendent of banks did not issue and has not issued to the Farmers' Security State Bank a certificate authorizing said bank to commence business, and that the Farmers' Security State Bank has failed to open for business in the city of Centerville or elsewhere within one year from the date on which its charter was issued, and has forfeited its charter, and has no further legal existence.

It further alleges, on information and belief, that, unless pre-

vented by this court, the depositors' guaranty fund commission
intend to and will admit said Farmers' Security State Bank under
the depositors' guaranty fund, and the superintendent of banks,
unless restrained, intends to and will issue a certificate authorizing
said Farmers' Security State Bank to commence business in Cen-
terville; that petitioners have protested to the superintendent of
banks against admitting the Farmers' Security State Bank, be-
cause said Farmers' Security State Bank no longer has any cor-
porate existence, but, notwithstanding such protest, such officers
will admit said bank unless restrained by the court; and allege
that neither the superintendent of banks nor the depositors' guar-
anty fund have any power or authority under the law to give to
the Farmers' Security State Bank a certificate of authority or to
admit it under the depositors' guaranty fund of the state; allege
that the plaintiffs have no plain, speedy, or adequate remedy at
law; and ask an order preventing said superintendent of banks
and said depositors' guaranty fund commission from issuing or
giving to the Farmers' Security State Bank a certificate author-
izing said bank to commence business.

On this petition an alternative writ of prohibition was issued
on December 8, 1921.

The defendants demurred to the petition and affidavits, and
moved to quash the writ on the following grounds: (1) That
there is a defect of parties plaintiff and defendant. (2) That the
affidavit and petition do not state facts sufficient to constitute a
cause of action and to entitle the petitioner to a writ of prohibi-
tion. On a hearing in the lower court the demurrer was sus-
tained and motion to quash granted on each of the grounds above
set forth. From this order plaintiffs have appealed to this court.

[1] The demurrer and motion to quash which is in the na-
ture of a demurrer (32 Cyc. 627)—admit all material allegations
of the petition that are well pleaded and pertinent to the issue (31
Cyc. 333, § 2; Singer Mfg. Co. v. Peck, 9 S. D. 29, 67 N. W.
947); but do not admit inferences, or conclusions drawn therefrom
unless necessarily presumed or inferred from the facts alleged,
and do not admit conclusions of law contained in the pleading
(31 Cyc. 333, § 2; Singer Mfg. Co. v. Peck, 9 S. D. 29, 67 N.
W. 947).

[2] In substance plaintiffs contend that, being citizens and

taxpayers of Centerville, with an invested banking capital in two banks amounting to $150,000, they have for over 20 years supplied complete and adequate banking facilities to the citizens and residents of that city and tributary territory, and can continue so to do; that the conditions of said territory and its people do not warrant or justify an additional bank in that territory, and to permit the establishment of the Farmers' Security State Bank in Centerville would greatly damage and irreparably injure them. It is clear from plaintiffs' petition that neither the superintendent of banks nor the depositors' guaranty fund commission agree with plaintiffs as to either the necessity or advisability of establishing said bank in Centerville, because plaintiffs allege that the superintendent of bank will, in spite of plaintiffs' protest, issue his certificate authorizing the Farmers' Security State Bank to commence business in Centerville, and the depositors' guaranty fund commission will admit said bank under the guaranty fund of this state. Upon these points we agree with Mr. Justice Whiting in the former opinion in this case, reported in 187 N. W. at page 540, in which he says:

"Certainly whether another bank should be allowed in this particular banking community, even if not within the absolute discretion of the banking department, should not be controlled by the courts unless there is a clear abuse of the discretion and power vested in such banking department."

And in this case we hold that no abuse of discretion is shown on the part of defendants.

It is further claimed by appellants that the Bank of Centerville, in which James S. Thomson is a stockholder, has been admitted under the depositors 'guaranty fund of South Dakota, and by reason thereof, as stated in appellant's brief, said "James S. Thomson at least is beneficially interested in this matter, * * * because he is a stockholder of a state bank, and because his property to some extent is pledged to secure the payment of deposits of every other state bank." On the other hand, it is claimed by respondents that appellants cannot raise this question, because neither of them is a person "beneficially interested" in this writ, as provided by section 3020, R. C. 1919.

It is said in 32 Cyc. 622, that—

"The petitioner must be injured or affected by the proceed-

ings sought to be restrained, otherwise prohibition will not lie."

Is James S. Thomson or the Bank of Centerville, in which he is a stockholder, injured; or will either be injured, or injuriously affected, by admitting the Farmers' Security State Bank, under the depositors' guaranty fund, to do business in the city of Centerville? Upon the answer to this question depends petitioners' right to this writ.

[3] It will be observed that, under the Banking Act, before a state bank can transact any business, it must have paid in its capital stock in cash, and complied with all the provisions of law to entitle it to engage in business (R. C. § 8955), and the superintendent of banks must so find, and issue his certificate of authority to such bank (R. C. § 8952), and such bank must be admitted under the depositors' guaranty fund, and pay to that fund 4 per cent of its capital stock, which shall be a credit fund (R. C. § 9016), and such fund shall always be kept as a credit fund at an amount not more than $1\frac{1}{2}$ nor less than 1 per cent of the average daily deposits of such bank for the preceding 12 months (R. C. § 9011).

[4] The depositors' guaranty fund in this state is in the nature of a permanent fund to protect depositors. It is to be "levied, kept, collected and applied" for that purpose. R. C. § 9010. The money is either credited to or paid into the depositors' guaranty fund (R. C. §§ 9015-9018), and it must be set apart, kept, and maintained for that purpose (R. C. § 9017). It is drawn out only on the check of the depositors' guaranty fund commission. R. C. § 9020. This money is not the property of the bank in which it is deposited, but belongs to the depositors' guaranty fund. No part is ever to be returned to the bank, unless, first, after paying all obligations against said bank, there is still found to be a balance therein; second, the bank paying to the fund either liquidates and goes out of business or organizes as a national bank and withdraws from the fund.

[5] It is presumed that the Farmers' Security State Bank is and will continue to be solvent, and that it will conduct its business with ordinary skill and honesty, and continue to comply with the law relating to banks. It will thus be seen that the liability of the petitioner Thomson and the Bank of Centerville being based on a percentage of the bank's own deposits, is neither in-

creased, nor diminished by the admission of any other solvent bank under said fund. We therefore hold that neither of the plaintiffs in this case will be either injured or injuriously affected by issuing a certificate authorizing the said bank to commence business or admitting said bank under the depositors' guaranty fund of the state.

[6] It is further claimed by defendants that the real purpose and intent of this action and the sole ground on which it is based is to have the court declare the Farmers' Security State Bank charter to be forfeited and void; and it is clear from plaintiffs' petition that this is the sole ground on which plaintiffs must rely if they prevail in this proceeding. In this state we have no statute permitting a private individual to bring an action forfeiting a corporation charter; and such action can only be brought by the state as provided by §§ 2781-2783, R. C. 1919, as amended by chapter 289 of Laws 1919.

It is said in 7 R. C. L., p. 727, § 735:

"Whether scire facias, or an information in the nature of quo warranto, be used, in either case the proceeding, unless otherwise permitted by statute, must be at the instance and on behalf of the state, through its proper officer, and cannot be prosecuted by a private individual."

As neither of the plaintiffs is entitled to maintain this action, the other error assigned by the appellants need not be considered.

The judgment of the lower court is affirmed.