FRED A. JOHNSON, Appellant, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY et al., Appellees.

RAILROADS: Accidents at Crossings—Negligence Per Se. Evidence
1 reviewed, and *held* that plaintiff, in driving upon a railway crossing, was guilty of negligence *per se.*

NEGLIGENCE: Imputed Negligence—Res Adjudicata. A holding that
2 one who was a *guest* in a conveyance might recover for injuries received in a collision is not necessarily an adjudication that one who was *not* a guest might recover.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

DECEMBER 11, 1923.

REHEARING DENIED MARCH 14, 1924.

ACTION for damages for personal injuries resulting from a collision upon a street railway crossing in the country. The defense was a general denial. At the close of the evidence, the trial court directed a verdict on the ground of contributory negligence of the plaintiff. The plaintiff has appealed.—*Affirmed.*

*Robertson & Robertson,* for appellant.

*Tinley, Mitchell, Ross & Mitchell,* for appellees.

EVANS, J.—The accident happened about 9:30 P. M., June 8, 1920. The plaintiff was driving an automobile south on the highway towards Lake Manawa. His collision was with a street car upon a crossing of the street railway. The street car was running due west towards Council Bluffs. The plaintiff's wife rode with him upon the front seat. Both were severely injured, as a result of the collision. A judgment entered in the district court for the wife for damages resulting from the same collision was heretofore affirmed by us. *Johnson v. Omaha & C. B. S. R. Co.,* 194 Iowa 1230. The place of the accident was not upon the street of any city, but was in the open country. The ground in all directions from the railway crossing was approximately flat for a long distance. There were no natural or artificial obstructions to a view from the highway of the railway track in both directions. It is conceded that the evidence in the record was sufficient to go to the jury on the question of the alleged negligence of the defendant. The one question presented for our consideration is whether the contributory negligence of the plaintiff, as disclosed by his own evidence, was so clear and unmistakable as to require the court to direct a verdict against him on that issue. The plaintiff knew at all times, while upon this highway, that he was approaching the crossing, although he was not certain of its exact location. He was driving at a uniform speed of 18 or 20 miles an hour. At 75 yards before he reached the crossing, he looked in both directions for a street car, and saw none. He continued his approach to the crossing without change in the rate of speed. As he drove upon the rails, he saw that the street car was upon him. He had not seen it at any time before. The street car was equipped with a headlight. Its approach was, therefore, readily discoverable to the plaintiff at the time of his approach to the danger zone, unless such discovery was prevented by some cause beyond the control of the plaintiff. The fact that there were no natural or artificial obstructions to a clear view, cast upon the plaintiff some burden of explanation of why he failed to see. This explanation was that there were an unusual number of automobiles passing along the highway

1. RAILROADS: accidents at crossings: negligence *per se.*

in both directions, and that this had resulted in a cloud of dust upon the highway so dense and impenetrable that the lights of automobiles, either tail lights or headlights, could not be seen beyond a distance of from 10 to 20 feet. This is the plaintiff's explanation. When the plaintiff looked for a street car at a distance of 75 yards from the crossing, he knew that he had no chance whatever to see a street car if one were approaching the crossing. He continued toward the crossing without any abatement of his rate of speed. At 50 feet from the crossing, he looked at his speedometer, and discovered that he was driving at 18 miles an hour. As to whether he looked for a street car at this point, the evidence is silent. Taking the conditions precisely as the plaintiff has chosen to describe them, he was in a position of imminent peril. Knowing that he could not see an approaching street car until he came within 20 feet of it, he drove forward without any slackening of speed, and took a mere chance to cross the track, without any further precaution whatever. The fact that he was in constant danger of colliding with invisible automobiles in front of him ought, of itself, to have been a stimulus to precaution. Precaution in such a situation is inconceivable without a slowing down of the vehicle. When he looked at a distance of 75 yards, he had gained nothing by his precaution so far. He knew that he had no assurance of safety from an approaching street car. From that point to the point of collision, he took no form of precaution. If the dust had not been an obstruction to his view, at the time of his first looking, then his failure to discover an approaching car would have been an assurance of safety to him, and would tend to excuse him from further looking. But inasmuch as he knew that his effort to discover was a failure because of the cloud of dust, he was in no manner misled by it, and his duty of reasonable precaution continued. His evidence shows that he used none whatever. His delinquency in that regard is illustrated by his own showing that, at 50 feet from the crossing, when he ought to have been looking for the street car, he was looking at his speedometer.

It is strongly urged by his counsel that the judgment awarded the wife as plaintiff in her suit, and the affirmance

thereof here, are conclusive on the question of contributory neg-

2. NEGLIGENCE:
imputed negli-
gence: *res ad-
judicata.*

ligence, not only as to the wife, but as to the plaintiff herein, as well. The point cannot be sustained. Though it be true that both plaintiffs were under the same duty of care, and each was bound to show freedom from contributory negligence, it does not follow that, in the exercise of such care, each was under identical specific duties. The plaintiff was the driver. He was on the left side of the car. The street car was approaching from his direction. If there had been no dust, the natural course would have been for him to look in that direction, and for the wife to look in the other direction. As driver, he had full control of the wheel and of the speed. She was under no ordinary duty of interference with such control on his part. She might have exercised care, even though he failed to do so. If she did so, she could not be defeated by his failure. Appellant relies upon our holding in *Barrett v. Chicago, M. & St. P. R. Co.,* 189 N. W. 675 (not officially reported). This was a companion case to the case of like title reported in 190 Iowa 509. The latter case was first tried in the district court, and first submitted on appeal here; and we affirmed a directed verdict therein. Two men were killed in the same crossing accident, one being a driver, and one being a guest. The case of the guest was first tried. Having sustained a directed verdict in that case, we held later, in a case involving the death of the driver, that there was nothing in the latter case to differentiate it from the former, in favor of the decedent driver.

As to the case at bar, the wife was a quasi guest, and occupied a more limited field of duty than the plaintiff herein, as driver. If she had failed in her suit by directed verdict, such judgment would have been very influential in defeating the plaintiff herein upon the same ground. The converse does not follow.

The appellant places some reliance upon the case of *Waring v. Dubuque Elec. Co.,* 192 Iowa 1240. The only point of similarity between such case and the case at bar is that the plaintiff in the cited case was driving in a dense fog, which rendered all discovery difficult. He was, however, driving very slowly and with great care, and came finally into collision with a street car,

only because of the slipping and skidding of his car on a slippery pavement, while he was trying to stop it. The case neither in its discussion nor in its holding lends any support to the case of the appellant herein.

We reach the conclusion that the trial court properly directed the verdict, and its judgment is affirmed.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.