THE LAFLIN AND RAND POWDER COMPANY vs. LOUIS SINSHEIMER, JACOB PLACK and JOSEPH RITTENBERG.

*Attempt to impeach the validity of an Incorporation, by Evidence Aliunde the Certificate in a Collateral proceeding.*

The Courts are bound to regard a company incorporated according to all the required forms of law, as a corporation so far as third parties are concerned, until it is dissolved by a judicial proceeding in behalf of the government that created it.

The plaintiff sued certain members of a corporation to make them liable individually for goods sold and delivered to the corporation, upon the ground that said individuals had not been duly incorporated by reason of non-compliance with statutory requirements. Proof was offered by the plaintiff tending to show that certain requirements, which the plaintiff claimed to be conditions precedent to the incorporation of the defendants, had not been complied with. The certificate of incorporation disclosed no error upon its face, and was authenticated in such manner as was declared by the statute under which it was made, should be sufficient evidence of the existence of the corporation. HELD:

1st. That the plaintiff stood in this case in the attitude of a third person to the corporation, and could not by proof *aliunde* the certificate impeach its corporate existence.

2nd. That the company was a corporation *de facto* at the time the goods were sold and delivered to it by the plaintiff, and its existence as a corporation could not be drawn collaterally in question.

3rd. That the exhibition of its incorporation, duly and properly authenticated, was a sufficient answer to the claim preferred against the defendant.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—At the trial, the plaintiff offered the two following prayers:

1. If the jury shall find that at the time the articles dated February 6th, 1876, were signed, and the acknowledgment and affidavits of Kraus and Rittenberg thereto annexed, and were made at the time when said articles so acknowledged with said affidavits annexed, were filed with the Secretary of the State of West Virginia, for the purpose of procuring the certificate of incorporation of the Lancaster Furnace and Mining Company offered in evidence, and at the time when said certificate was so issued, Lewis and Jacob Kraus, whose names are signed to said articles, had in fact paid nothing on account of their subscriptions, and that they nevertheless treated themselves, and were treated by their associates, as corporators, and were so represented to the Secretary of State of West Virginia for the purpose of procuring the same, then said Lancaster Furnace and Mining Company was not a body politic, and those persons who were acting under that name, and interested in the profits of said pretended company, at the time the debt sued for was contracted, are personally liable for said debt, if the jury find the same.

2. The plaintiff prays the Court to instruct the jury, that under the law of West Virginia, offered in evidence, if they find that at the time the certificate of incorporation of the Lancaster Furnace and Mining Company, offered in evidence, dated 10th day of February, 1874, was issued by the Secretary of State of West Virginia, the persons whose names are signed to the articles of association, dated February 6th, 1874, offered in evidence and recited in said certificate, or any one or more of them, had not in good faith paid in for the uses of the company, to some person agreed upon to receive the same for the intended corporation, the full amount of ten per cent. upon the par value of the stock subscribed for by said persons, or by one or more of them, and that they did not in fact pay said ten per cent., and that notwithstanding said failure of said subscribers, or one or more of them, to pay said

Laflin and Rand Powder Co. *vs.* Sinsheimer.

amount of ten per cent., that the subscribers had so failed to pay said ten per cent., were treated as corporators, and suffered as such to sign said articles of February 6th, 1874, and were represented to the. Secretary of State of West Virginia, as corporators, for the purpose of procuring said certificate of, incorporation from said Secretary of State, then said Lancaster Furnace and Mining Company was never validly incorporated, and such of the persons composing the said pretended company, as were members of it at the time the debt sued for was contracted, are personally liable to the plaintiff for said debt, if said debt be found by the jury.

The Court, (DOBBIN, J.,) rejected both prayers, and granted the following instructions:

1. That there is no evidence upon which the jury can find for the plaintiff on the first or second count in the *narr.*

2. That the plaintiff having given in evidence the Statutes of West Virginia, under which the Lancaster Furnace and Mining Company claims to have been incorporated, and the certificate of the Secretary of State of said State, declaring the existence of said corporation, it is incompetent for this Court, to inquire collaterally into the validity of said corporation, and the plaintiff cannot recover upon the third and fourth counts in the *narr.* The plaintiff excepted.

The jury rendered a verdict for the defendants, and judgment was entered accordingly. The plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER and ROBINSON, J.

*Charles Marshall*, for the appellant.

It seems to be well settled that the omission or non-performance of an Act made a condition precedent to the existence of a corporation, prevents it from becoming a

corporation. *Frost vs. Frostburg Coal Co.*, 24 *Howard*, 282 ; *Vulk vs. Crandall*, 1 *Sanford, ch.* 179 ; *Taggart vs. Western Md. R. R. Co.*, 24 *Md.*, 591 ; *Lord, &c. vs. Essex B. A., No.* 4, 37 *Md.*, 320 ; *Spencer vs. Cooks*, 16 *La. An.*, 153–4 ; *Harris vs. McGregor*, 29 *Cal.*, 124 ; *Wheadon vs. Peoria R. R. Co.*, 42 *Ill.*, 494 ; *Crooker vs. Crane*, 21 *Wendell*, 212.

It will be observed that in several of the cases above referred to, particularly 24 *Howard*, 282 ; 42 *Ill.*, 494 ; 21 *Wendell*, 212, the omission or non-performance was not a matter that appeared on the face of the proceedings of incorporation, but was a matter *dehors*, and established by proof. *Hughes vs. Antietam Co.*, 34 *Md.*, 321 ; *Oler vs. B. & O. R. R. Co.*, 41 *Md.*, 590.

[NOTE.—Other points omitted as not adverted to by the Court.—REPORTER.]

*Isador Rayner*, for the appellees.

BRENT, J., delivered the opinion of the Court.

This is an action of assumpsit to recover from the appellees for merchandise sold, and for which it is claimed they are personally liable. The declaration contains three counts—the first, for goods sold and delivered—the second, for money found due on an account stated, and the third, is a special count.

It is very full and lengthy, but alleges in substance, that the defendants pretending there was a company duly incorporated under the laws of West Virginia, by the name of the Lancaster Furnace and Mining Company, induced the plaintiff to sell certain goods to said company ; that the plaintiff afterwards discovered that the company was not in fact incorporated, that for reasons, which are specially set out, the necessary acts and proceedings to constitute a valid incorporation under the laws of West Virginia had not been performed and taken, that the said pretended corporation was but a voluntary unin-

corporated association, the members of which are person-
ally liable for the goods sold to them under the name of
the pretended company, and which goods were in fact
received by the defendants.

The defendants pleaded, that they were not indebted as
alleged; and that they did not promise as alleged.

The incorporation of the defendants under the laws of
West Virginia was placed in evidence, and proof offered,
tending to show that certain requirements, which the
appellant claims were conditions precedent to the incorpo-
ration of the defendants, had not been complied with.    It
was also proved that the goods had been sold and charged
to the Lancaster Furnace and Mining Company, and that
no claim for them had been made against the defendants
personally, until after the failure of that company.

The plaintiff presented two prayers, both of which in-
volved the valid incorporation of this company.   But the
Court rejected them, and instructed the jury.

*First,* That there is no evidence upon which the jury
can find for the plaintiff on the first or second count in
the *narr.*

*Second,* That the plaintiff having given in evidence the
Statutes of West Virginia, under which the Lancaster Fur-
nace and Mining Company claims to have been incor-
porated, and the certificate of the Secretary of State of
said State, declaring the existence of said corporation, it
is incompetent for this Court to inquire collaterally into
the validity of said corporation, and the plaintiff cannot
recover upon the third and fourth counts in the *narr.*

To these instructions by the Court, and to the rejection
of its prayers, the appellant has excepted.

There has been no error alleged, in the argument, in
the first instruction granted, and we do not understand
the appellant as controverting its correctness.   The real
question in the case is presented upon the second instruc-
tion.

If the view of the law, as there expressed, is right, the rejection of the instructions asked for on the part of the appellant follows as a matter of course.

As already seen, the incorporation of this company, by the name of the Lancaster Furnace and Mining Company, was obtained under the general corporation laws of West Virginia, in which State its operations as a Mining and Manufacturing Company were to be carried on. We have carefully compared the certificates of its incorporation, authenticated by the Secretary of State and the seal of West Virginia, with the requirements of the laws of that State, and we find that it is in all respects in matter of form in accordance with their provisions. *Code, West Va.,* ch. 54, secs. 6, 7, 8, 9 *and* 10, and *ch.* 53, *sec.* 62. The certificate, which is the charter giving to this company a corporate existence, discloses therefore no error upon the face of it, and is before us authenticated in such manner as is declared in the 10th section of the law, above referred to, shall be sufficient evidence of the existence of the corporation. Thus formally incorporated, it went into active operation, under its corporate name, became the owner of land, constructed buildings and apparatus proper and necessary to accomplish the purposes of its organization, and while thus actively engaged, the goods mentioned in the *narr.* were sold and delivered to it by the appellant.

Can the validity of its incorporation be attacked in this suit, by proving *aliunde* the certificate of its incorporation, that certain pre-requisites of the law had not been in good faith complied with? We have found no case, which has allowed this to be done in a collateral proceeding such as the present. The rule seems, from all the authorities, to be well established, that the Courts are bound to regard a company incorporated according to all the required forms of law, as a corporation, so far as third parties are concerned, until it is dissolved by a judicial proceeding on behalf of the goverment that created it. In the case of

*The Proprietors of Charles River Bridge vs. Proprietors of Warren Bridge, and others*, 7 *Pick.*, it is said on page 371, where the question of fraud in the procurement of an extension of the charter of Charles River Bridge is considered, "if fraud was practiced, the charter could be re voked only upon a process of *quo warranto*. * * * The defendants cannot take advantage of the supposed false representations. A man passing over the bridge might as well refuse on the same ground, to pay the toll." So in *Jones vs. Dana*, 24 *Barb.*, 299, it is said, "if the company has in form a charter authorizing it to act as a body corporate, and was in fact in the exercise of its corporate powers at the time of its dealing with the plaintiffs, then it was to them and all third persons, a corporation *de facto* and the validity of its corporate existence can only be tested by proceedings in behalf of the people," and 7 *Wend.*, 553, 6 *Cowen*, 23, and 9 *Cowen*, 194, are cited as authorities. See also, *The River Navigation Co. vs. Neal*, 3 *Hawks.*, 520 ; *Pres. & Co. of the K. & C. Turnp. Road Co. vs. McConaby*, 16 *Serg. & R.*, 145 ; *State vs. Carr*, 5 *N. H.*, 371 ; *S. & T. Railroad Co. vs. Tipton*, 5 *Ala.*, 787 ; *Duke vs. Cahawba Navigation Co.*, 16 *Ala.*, 372.

The present appellant stands in this case in the attitude of a third person to the company in question, and cannot in the manner attempted, and by the proof offered, impeach its corporate existence. It has been clothed with all the forms of a corporation by the laws of a neighboring State, and was in the exercise and use of the franchises conferred upon it. It was a corporation *de facto* at the time the goods were sold and delivered to it, by the appellant, and its existence as a corporation cannot be collaterally drawn into question.

To permit a recovery against the defendants, and thereby to say that they are to be regarded in law as a voluntary unincorporated association, would be a departure

from all the cases. The debt was not created with them individually, but with a company acting under a formal incorporation, and in the exercise of its corporate powers. This appellant dealt with it and gave it credit as a corporation. If its assets are not ample to pay, it is the misfortune of the creditor. The exhibition of its incorporation, duly and properly authenticated, has been a sufficient answer to the claim preferred against these defendants, and so far as third parties are concerned, it must be regarded as a corporation, until it is otherwise declared in a judicial proceeding on behalf of the government that created it.

The Superior Court of Baltimore City was therefore, in our opinion, right in rejecting the prayers of the appellant and in granting the instruction that the plaintiff could not recover under the special count in the declaration.

As the instructions of the Court are without error, the judgment will be affirmed.

*Judgment affirmed.*