[No. 8241.   Department Two.   December 8, 1909.]

## AMERICAN RADIATOR COMPANY, *Appellant*, v. ROY J. KINNEAR et al., *Respondents*.[1]

CORPORATIONS—OFFICERS—LIABILITY FOR DEBTS. The liability of officers for corporate debts depends upon statutory provisions or the legal existence of the corporation.

CORPORATIONS—EXISTENCE—CONTRACTS—SUBSCRIPTION TO STOCK— NECESSITY. Subscription to the capital stock of a corporation is not essential to its legal existence or liability on its contracts.

CORPORATIONS—CONTRACTS—AUTHORITY OF OFFICERS. The recovery of judgment against a corporation on contract is conclusive that the officers had authority to make the contract.

CORPORATIONS—CONTRACTS—TRANSACTING BUSINESS PRIOR TO SUBSCRIPTION TO STOCK. The transaction of business by a corporation before all of its capital stock is subscribed, contrary to Laws 1895, p. 338, does not render its contracts void; since only the state can complain of violation of the statute.

SAME—LIABILITY OF OFFICERS. The transaction of business by a corporation before all of its capital stock is subscribed, contrary to Laws 1895, p. 338, does not render its officers individually liable for the debts upon the insolvency of the corporation, since the liability of officers is restricted to certain other cases by Bal. Code, §§ 4265, 4266, etc.

SAME—CONTRACTS—ESTOPPEL. A person dealing with a *de facto* corporation is estopped to deny its corporate capacity.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 20, 1909, upon sustaining a demurrer to the complaint, dismissing an action to hold the officers of an insolvent corporation individually liable for its debts.   Affirmed.

*Warren H. Lewis*, for appellant.

*W. Lair Hill* and *George E. de Steiguer*, for respondent Bussell.

*Roberts, Battle, Hulbert & Tennant*, for respondents Kinnear *et al.*

[1]Reported in 105 Pac. 630.

RUDKIN, C. J.—While the complaint in this case is somewhat voluminous the material facts are as follows: In December, 1906, articles of incorporation of the Yule Spinning and Twine Manufacturing Company were executed, in triplicate, and copies thereof filed in the office of the secretary of state and in the office of the county auditor of King county, as prescribed by law. The capital stock of the corporation was fixed at the sum of $100,000, divided into 1,000 shares of the par value of $100 each. Not to exceed $30,000 of the capital stock was subscribed at the time the corporation commenced business, and not to exceed one-half of the capital was subscribed at any time thereafter. On the 15th day of January, 1908, the plaintiff sold and delivered certain goods to the corporation, of the value of $432.93, on sixty days credit. The goods were not paid for, and the plaintiff recovered judgment against the corporation for the purchase price. An execution issued on the judgment was returned unsatisfied and the corporation is insolvent.

After the return of the execution, this action was instituted against the defendants as officers and trustees of the corporation to recover the amount of the judgment. The complaint charges fraud against the defendants, but the charge is a mere legal conclusion, arising from the fact that the defendants commenced and transacted business for and in the name of the corporation before the whole amount of its capital stock was subscribed, contrary to the act of March 20th, 1895, Laws of 1895, p. 338, which provides, "That no such corporation shall commence business or institute proceedings to condemn land for corporate purposes until the whole amount of its capital stock has been subscribed." A demurrer to the complaint was sustained, and the plaintiff electing to stand on its pleading and refusing to plead further, a judgment of dismissal was entered, from which this appeal is prosecuted.

The appellant contends that it is entitled to recover against the respondents on three grounds; first, under the maxim,

"Where there is a right there is a remedy;" second, on the ground that the respondents are individually liable as partners; and, third, on the ground that the respondents exceeded their authority as agents for the corporation. For convenience we will consider the second and third grounds first, if indeed, the one is not a corollary of the other.

Cases may be found where officers of corporations have been held individually liable to the corporation creditors, because the capital stock of the corporation was not subscribed, but these cases rest either upon an express statute imposing individual liability in such cases, or upon the ground that there is no corporation until the capital stock is subscribed. In *First Nat. Bank of Salem v. Almy*, 117 Mass. 476, and *Cummings v. Winn*, 89 Mo. 51, cited by the appellant, the liability was based upon an express statute, and similar statutes exist in many of the states. In *Walton v. Oliver*, 49 Kan. 107, 30 Pac. 172, 33 Am. St. 355, and *Wechselberg v. Flour City Nat. Bank*, 64 Fed. 90, individual liability was upheld on the ground that there was no corporation to be bound. These decisions are not controlling here, for our statute does not impose individual liability in express terms, and subscription to the capital stock is not essential to the legal existence of a corporation. *Spokane v. Amsterdamsch Trustees Kantoor*, 22 Wash. 172, 60 Pac. 141. For the like reason *Farmers Co-operative Trust Co. v. Floyd*, 47 Ohio St. 525, 26 N. E. 110, 21 Am. St. 846, 12 L. R. A. 346, and other like cases, basing liability on excess of authority of corporate agents are inapplicable, for if the corporation is bound there is no excess of authority. The very fact that the appellant recovered judgment against the corporation affords conclusive evidence that the trustees in contracting the debt did not exceed their authority.

For these reasons, there is no liability on the part of the respondents in the present case, unless their liability is fixed by the mere act of transacting business before the whole capital stock was subscribed. While there is some conflict of au-

thority on this question the weight of authority denies individual liability in such cases, holding that the state alone may complain of the violation of its laws. Thus, in *Whitney v. Wyman*, 101 U. S. 392, 25 L. Ed. 1050, it was claimed that a certain corporation contract was void, because entered into before the articles of association were filed, in violation of a statute, but the court said:

"The corporation having assumed by entering into the contract with the plaintiff to have the requisite power, the parties are estopped to deny it. . . . The restriction imposed by the statute is a simple inhibition. It did not declare that what was done should be void, nor was any penalty prescribed. No one but the state could object. The contract is valid as to the plaintiff, and he has no right to raise the question of its invalidity."

In *Snider's Sons' Co. v. Troy*, 91 Ala. 224, 8 South. 658, 24 Am. St. 887, 11 L. R. A. 515, the court said:

"Maintenance of such suit involves judicial nullification of franchises and powers enjoyed and exercised by a *de facto* corporation, as a distinct entity recognized by the law, acquiesced in by the state; defeats the corporate character of the contract, changes the relation from that of stockholders to that of partners; substitutes other and new parties to the contract, and effects the imposition of an enlarged liability, which they did not assume, but intended to avoid; so understood by the creditor, when he contracted the debt with the corporation as such. The contract is valid and binding on the corporation, which the creditor trusted. No injustice is done him, for all his rights and remedies are preserved by the principle that the corporation and the share-holder are estopped from denying its legal existence, as against him. It will not answer to say that he is not repudiating, but enforcing, the contract. He repudiates the party—the corporation—with which he made the contract, and seeks its enforcement against parties who never entered into contractual relations with him.

"The doctrine that a creditor who has dealt with a *de facto* corporation, in its corporate capacity, cannot charge the stockholders as partners with the corporate debt, there being no fraudulent intent alleged and proved, seems to us to be sus-

tained by the weight of authority, maintained by stronger · reasoning, consistent with well-settled principles, and in harmony with the policy of the state."

Our own statute tends to support this conclusion. Title 23, chapter 1, Ballinger's Code, relating to the organization and management of private corporations, fixes the liability of stockholders; section 4266 imposes individual liability on trustees in certain cases; and section 4265 expressly declares that the corporations organized thereunder, and the members thereof, shall be subject to the conditions and liabilities therein imposed and to none others. See section 4250, amended by the act of 1895, p. 338. This statute leaves little room for implication.

For these reasons, the demurrer was properly sustained and the judgment is affirmed.

Dunbar, Mount, Crow, and Parker, JJ., concur.