MARTIN MOE AND ANOTHER v. FRED C. HARRIS AND OTHERS.[1]

May 23, 1919.

No. 21,219.

#### Corporation — when organization is complete.

1. When articles of incorporation have been executed, filed and published as required by law, and proof of their publication has been filed in the office of the secretary of state, the corporate organization is complete. G. S. 1913, § 6149.

#### Same.

2. When the organization of a corporation has been completed as required by statute a corporation de jure is brought into existence, notwithstanding the fact that no capital stock was subscribed or paid for, no books were kept, no by-laws adopted, and no meetings held or officers elected.

Action in the district court for St. Louis county to recover $1,852.74. Defendants' demurrers to the complaint on the ground that the facts stated did not constitute a cause of action were sustained, Fesler, J. From the order sustaining the demurrers to the complaint, plaintiffs appealed. Affirmed.

*John Heitmann* and *E. L. Gruber,* for appellants.

*John H. Norton* and *Baldwin, Baldwin & Holmes,* for respondents.

1Reported in 172 N. W. 494.

LEES, C.

Appeal from order sustaining a demurrer to plaintiffs' complaint on the ground that it stated no cause of action. The facts as alleged were in substance as follows: In September, 1911, articles of incorporation and proof of their publication were filed in the office of the secretary of state by three of the defendants, who attempted to organize a corporation known as the "Yale Mining Company." The defendants who caused this to be done were named in the articles as directors and officers of the corporation, to serve until their successors were elected and had qualified. No subsequent election of directors or officers ever took place and such defendants still hold their offices. In March, 1916, plaintiffs recovered a judgment against the company for $1,852.74, on which an execution was issued and returned unsatisfied. Such judgment was for the value of drilling and exploration services rendered under a contract between plaintiffs and the company. Two other persons, also named as defendants, with the knowledge of the officers and in behalf of the company, conducted the negotiations leading up to the making of the contract.

The officers named in the articles of incorporation never perfected the organization of the corporation by opening books to receive stock subscriptions or by adopting by-laws, and never paid in any money. Plaintiffs believed that the corporation had been organized in compliance with the laws of Minnesota, and but for such belief would not have performed the services referred to. The defendants held themselves out as a corporation to defraud plaintiffs, and to induce them to believe that a corporation had been legally organized, and that they were its stockholders and directors, whereas in fact no stock had ever been subscribed or paid-for, and defendants were copartners doing business in the guise of a corporation. Judgment was demanded for the amount of the recovery against the company.

The single question presented by the briefs and argument may be thus stated: Was the Yale Mining Company a corporation de jure or de facto, and therefore capable of making the contract with plaintiffs under which they rendered the services for which they-seek to recover? If it was, it is manifest that the complaint states no cause of action against the individual defendants as copartners or otherwise.

Counsel for appellants insist that upon the facts stated it appears that there was merely an attempt to organize a corporation, not followed by a user as a corporation, because no capital stock was subscribed or paid for, no by-laws were adopted, no books kept and no meetings held or officers elected. Johnson v. Corser, 34 Minn. 355, 25 N. W. 799; Finnegan ˑv. Noerenberg, 52 Minn. 239, 53 N. W. 1150, 18 L.R.A. 778, 38 Am. St. 552; Johnson v. Okerstrom, 70 Minn. 303, 73 N. W. 147, are cases cited as being in point.

On the other hand, respondent cites G. S. 1913, § 6149, reading in part as follows: "Upon filing with the secretary of state proof of such publication, its corporate organization shall be complete," and asserts that, since such proof was filed, a corporation de jure was organized, and, if not, under the three cases appellants cite, there was at least a corporation de facto.

We are of the opinion that the statute referred to controls, and that a corporation de jure was organized. If so, it is difficult to see how the subsequent failure of its organizers and officers to hold meetings, adopt by-laws, issue stock and refrain from making contracts until the corporation had paid in capital, amount to such a noncompliance with the laws of this state, or such a nonuser of the corporate franchise, as to give plaintiffs a right of action against them individually or as copartners. The statute does not make it a condition precedent to the right of a corporation to transact business, that all or any of its authorized capital stock shall be subscribed or paid in.

Plaintiffs' grievance is that the corporation has no money, property or stockholders, and hence they cannot collect their judgment against it. Walton v. Oliver, 49 Kan. 107, 30 Pac. 172, 33 Am. St. 355, is the only case cited to sustain their alleged cause of action. In the course of the opinion, it was there said that no portion of the capital stock had been subscribed and no books opened as required by section 1173, General Statutes of Kansas for 1889, and that a Kansas corporation could not proceed to transact any business without a portion of its capital stock being subscribed or paid in. The absence of such a statutory requirement in this state deprives the case of persuasive force as authority here.

Under a statute similar to ours a complaint almost identical with

the one before us was held bad on demurrer. Singer Mnfg. Co. v. Peck, 9 S. D. 29, 67 N. W. 947.

In First Nat. Bank v. Almy, 117 Mass. 476, it was held that an action might be maintained and judgment rendered against a corporation upon a debt contracted before its capital stock had been paid in, notwithstanding the fact that the statute prohibited corporations from transacting business until the whole amount of the capital stock had been subscribed and paid for. Other cases in point are American Radiator Co. v. Kinnear, 56 Wash. 210, 105 Pac. 630, 35 L.R.A.(N. S.) 453; Laflin and Rand Powder Co. v. Sinsheimer, 46 Md. 315, 24 Am. Rep. 522; Stokes v. Findlay, Fed. Cas. 13,478. See also 10 Cyc. 230.

Counsel for appellants insist that if the demurrer is sustained their clients are left without a remedy, notwithstanding the meritorious nature of their claim, and have a judgment against a nominal corporation which cannot be collected. If they relied on the responsibility of the corporation, because of false representations made by any of the defendants, they may have a cause of action against them for damages for fraud, if it is not barred by the statute of limitations. Further investigation may result in the discovery of assets of the corporation which may be reached by execution, but relief cannot be had in the present action. The court was right in sustaining the demurrer and its order is hereby affirmed.