In re O'BRIEN.

RODGERS v. NATIONAL CITIZENS' BANK.
No. 433.

District Court, D. Minnesota, Second Division. April 23, 1930.

Todd, Fosnes & Green, of St. Paul, Minn., for plaintiff.

W. A. Doerr, of Mankato, Minn., for defendant.

SANBORN, District Judge.

The action is at law to recover an alleged preference. The bankrupt, until the summer of 1928, operated a store at Mankato. At that time he had articles of incorporation signed, filed, and published, as required by law, and thereafter continued in the same business as M. J. O'Brien, Inc. Aside from an entry in the books, no formal transfer of assets to the corporation was made; no capital stock was issued; no meetings of directors or stockholders were ever held. An account was opened in the name of the corporation in the defendant bank. A loan was made to M. J. O'Brien, Inc., by the bank, which was from time to time renewed, until April 8, 1929, when there was owing $1,000 evidenced by an unsecured note due in the latter part of April.

Whoever owned the assets, conducted the business and incurred the obligation, was insolvent prior to April 8, 1929, and that fact was known to the defendant bank. It was estimated that assets amounted to $7,000 and liabilities to about $16,000. A letter was sent to creditors by M. J. O'Brien, proposing a settlement on a 20 per cent. basis. To carry out this settlement required about $3,000 in cash. The bank told Mr. O'Brien that it could not make the loan, but it assisted him in arranging the loan at the Citizens' Loan & Trust Company, a separate legal entity,

but an institution occupying the same building with the bank and to some extent affiliated with it. The trust company arranged to loan M. J. O'Brien, Inc., $3,000, to be secured by a chattel mortgage. A note and chattel mortgage were given to the trust company on April 8th, signed by M. J. O'Brien, Inc., and the trust company gave to Mr. O'Brien $1,000, with the understanding that this money and the $2,000 thereafter to be advanced was to be used for the settlement with creditors. O'Brien deposited the $1,000 in the account of M. J. O'Brien, Inc., at the bank. On April 15th, a creditor garnished the account and the bank thereupon applied the account to the payment of the indebtedness of M. J. O'Brien, Inc., to it. An involuntary petition was filed against O'Brien, as an individual, and he was adjudged a bankrupt, and the plaintiff was appointed his trustee. The trust company received the property covered by the chattel mortgage in settlement of its claim, and the trustee contends that the bank, by arranging with the trust company to loan O'Brien the $1,000 which he deposited in the bank and which was thereafter applied by the bank to the payment of the note of M. J. O'Brien, Inc., did so with the intent to secure an unlawful preference, and actually secured one.

The bank claims that it had no dealings with M. J. O'Brien as an individual, but that it did business with and extended credit to and received money from M. J. O'Brien, Inc., a Minnesota corporation.

The trustee's theory is that the court should treat M. J. O'Brien, Inc., as M. J. O'Brien, an individual, and find that the bank, in applying the account to the payment of the note of M. J. O'Brien, Inc., received a preference.

M. J. O'Brien, Inc., was a de jure corporation, and the bank could deal with it as such if it saw fit to do so. Moe v. Harris, 142 Minn. 442, 172 N. W. 494. That case is authority for the proposition that had the bank procured judgment against M. J. O'Brien, Inc., upon its note, it could not have levied execution on any of the assets belonging to M. J. O'Brien individually. The evidence indicates that it is more probable that the assets of the business which O'Brien was conducting belonged to the corporation than to him, and that the liabilities were those of the corporation. He believed that his business was incorporated, and conducted it upon that theory, and the bank and trust company both dealt with the corporation.

There are cases where a court, to prevent fraud and overreaching, may refuse to recognize a distinction between a corporation and those who own and control it, but this is not such a case. There is nothing to show that the bank, in dealing with the corporation, had any ulterior purpose, or that O'Brien, in dealing with the bank on behalf of the corporation, did so with intent to deceive.

A full discussion of the general subject is found in Majestic Co. v. Orpheum Circuit (C. C. A.) 21 F.(2d) 720, 724, in which it is said: "The corporation will be regarded as a legal entity as a general rule, and the courts acting cautiously and only when the circumstances justify it, will ignore the fiction of corporate entity, where it is used as a blind or instrumentality to defeat public convenience, justify wrong, or perpetrate a fraud, and will regard the corporation as an association of persons."

I am satisfied that the plaintiff cannot recover in this proceeding because of the fact that the bank dealt with the corporation, and it therefore becomes unnecessary to consider the question as to whether the offset made by the bank constituted a preference or not.

I find generally in favor of the defendant, and it is ordered that a judgment of dismissal be entered.