**In the Matter of Vito MALTESE, a/k/a William Maltese, t/a Eastern Brokerage Company, Debtor.**

**No. B-193-59.**

United States District Court
D. New Jersey.

June 30, 1961.

Sidney Krieger, Newark, N. J., for Burris Processing Co., petitioner.

William A. Kaufmann, Hoboken, N. J., formerly receiver and attorney pro se.

Max L. Rosenstein, Newark, N. J., for debtor.

WORTENDYKE, District Judge.

This matter comes before the Court on a creditor's petition, 11 U.S.C.A. § 67, sub. c, for review of an order of Honorable Joseph Fishberg, referee in bankruptcy, dated October 6, 1960, dismissing debtor's petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The petition for review was filed October 14, 1960.

From the Referee's Certificate of Review, filed February 16, 1961, the following facts appear: On April 3, 1959, the date upon which the debtor's petition for arrangement was filed and the receiver was appointed, a creditor of said debtor (Burris Processing Company, the petitioner here), attached a bank account of the debtor in Amalgamated Bank of New York. Pursuant to the referee's order of May 11, 1959 (authorized by 11 U.S.C.A. § 107, sub. a(1)), the bank turned over to the receiver all moneys on deposit with said bank in the name of the debtor. The turn-over order "reserved to Burris Processing Company (the attaching creditor) the right to apply under proper circumstances for a restoration or reinstatement of its lien subject, however, to the deduction from the funds turned over to said Receiver by Amalgamated Bank of New York of any and all moneys ordered paid therefrom by this Court" and that "there also be reserved to Burris Processing Company the privilege of applying for an allowance of fees and costs in the event that its lien is not re-

instated." No review of this turn-over order was ever sought. A review thereof is presently barred by 11 U.S.C.A. § 67, sub. c. On May 27, 1959 the debtor filed a plan of arrangement upon which a hearing was held on June 18, 1959, when the date of June 25, 1959 was fixed for consideration of the plan for confirmation. Such consideration of the plan was continued from time to time thereafter, and on January 22, 1960, the debtor filed an amended plan of arrangement, and obtained an order to show cause, returnable February 11, 1960, why the arrangement proceedings should not be dismissed and why the receiver should not be discharged subject to payment of the expenses of administration to be fixed by the referee. Upon the continued return date of said order to show cause, the receiver's report and account was duly allowed. The receiver was awarded the sum of $4,616.76 for services rendered as receiver and attorney pro se, and he was thereupon discharged. From the said order of March 10, 1960 providing for said allowances and discharging the receiver, no appeal was taken. A review thereof is also presently barred by 11 U.S.C.A. § 67, sub. c.

By reason of the conviction of the debtor of violations of criminal statutes of New Jersey, and his sentences thereon to two consecutive terms of imprisonment, the possibility of debtor's consummation of any plan of arrangement was rendered remote, if not actually precluded.

In response to the receiver's petition filed on September 15, 1960, the referee directed all creditors of the debtor and other parties in interest to show cause why the petition for arrangement should not be dismissed and why the proceedings reinstated thereby should not be terminated. Upon the return of this order to show cause on October 6, 1960, appearances were entered by the receiver, the attorney for the debtor, and by an attorney for three of the debtor's creditors. There being no objection to the proposed dismissal of the proceedings, the order dismissing the same, here under review, was entered.

In his "affidavit to enlarge record on petition for review" filed April 10, 1961, the attorney for Burris sets forth that on the morning of the return day of the order to show cause why the Chapter XI proceeding should not be dismissed, that attorney requested, of a person in the office of the referee, that the hearing upon the return of the order to show cause be delayed until 11:00 a. m., in order to accommodate said attorney in the face of a conflict of engagements. It further appears from the affidavit of this attorney that he appeared in the Bankruptcy Court at 10:45 a. m., on that date, and learned that the hearing had been held and the proceedings dismissed. Although no reference to these facts is contained in the Referee's Certificate of Review, I shall assume such inclusion for the purpose of the instant proceeding.

■ Although the petition for review is directed to the referee's order of October 6, 1960, dismissing the arrangement proceedings, the creditor's attack is apparently against the referee's order of March 10, 1960 providing for the payment of an allowance to the receiver, and of other administration expenses, out of the moneys turned over by Amalgamated Bank of New York in compliance with the referee's order of May 11, 1959. In its petition for review, Burris contends that, if the arrangement proceedings are dismissed, the petitioner's lien upon the debtor's bank account should be reinstated pursuant to 11 U.S.C.A. § 107, sub. a(1) and the allowances made to the receiver should be refunded to the lienor; and that, in any event, no allowance to the receiver could legally be made until after the proceedings had been dismissed. It is the further contention of the present petitioner for review that the expenses of the arrangement proceedings should either have been charged to the debtor, or to those who sought the dismissal of those proceedings. It is thus apparent that the petitioner here, although ostensibly appealing from the order of dismissal of October 6, 1960, is actually attempting to review the referee's order of March 10, 1960, and to compel restoration of the fund levied

upon by the petitioner in attachment, which moneys were awarded to the receiver, and applied to administration expenses. This petitioner may not do. 11 U.S.C.A. § 67, sub. c; In re Tyne, 7 Cir., 1958, 261 F.2d 249, 252, certiorari denied 1959, 359 U.S. 974, 79 S.Ct. 892, 3 L.Ed. 2d 841; Bookey v. King, 9 Cir., 1956, 236 F.2d 871. The order of October 6, 1960 has not been shown to adversely affect petitioner's rights.

■ The debtor's petition in this case was filed under 11 U.S.C.A. § 722. The referee followed the procedure prescribed in and was authorized to dismiss the arrangement proceeding by 11 U.S.C.A. § 776(2). There has been no showing that, in dismissing the proceeding instead of directing that bankruptcy be proceeded with, the referee abused his discretion in selecting the former alternative, or in concluding that dismissal was "in the interest of the creditors." The referee's opinion in that regard is presumptively correct.

The present petition for review has not discharged its burden of overcoming that presumption. The order under review is affirmed. Present an order accordingly.