Whitney E. TARUTIS, Trustee for Edmonds and Sons Machine and Tool, Inc., Bankrupt, Appellant,

v.

UNITED STATES of America (SMALL BUSINESS ADMINISTRATION, AGENCY), Appellee.

No. 17960.

United States Court of Appeals
Eighth Circuit.

Dec. 30, 1965.

Whitney E. Tarutis, Bemidji, Minn., pro se.

Miles W. Lord, U. S. Atty., Patrick J. Foley, Asst. U. S. Atty., and Robert E. Barnhart, Attorney, Small Business Administration, Minneapolis, Minn., for appellee.

Before MATTHES, RIDGE and GIBSON, Circuit Judges.

RIDGE, Circuit Judge.

This is an appeal from a decision by the United States District Court for the District of Minnesota, Fifth Division, dismissing appellant's petition for review of an order of the Referee in Bankruptcy, dated September 16, 1964, allowing the Small Business Administration to reclaim certain assets in the custody of the Bankruptcy Court. Appellant is the Trustee in Bankruptcy of Edmonds and Sons Machine and Tool, Inc., (Edmonds) organized under the Minnesota Business Corporation Act, Minn.Stats. 301.01–301.61.

So far as we can determine from the record before us, the facts in the case at bar are as follows:

On October 31, 1962, Edmonds executed a chattel mortgage naming the Blackduck State Bank, Blackduck, Minnesota, as mortgagee in consideration of a $25,000.00 loan made by the Bank to Edmonds. The mortgage securing such loan was duly recorded the next day, November 1, 1962. Thereafter, on April 8, 1963, Edmonds filed a voluntary petition in the Bankruptcy Court for a Chapter XI Arrangement with its creditors. Subsequently, on April 24, 1963, the Blackduck State Bank assigned Edmonds' mortgage to the Small Business Administration pursuant to a written agreement between the Bank and the Small Business Administration. On February 19, 1964, Edmonds having failed to file an acceptable plan for an arrangement with its creditors, a decree of adjudication was made and entered of record, declaring Edmonds a bankrupt, as provided in § 776, Title 11, U.S.C.A.

In August, 1964, the Small Business Administration filed a petition in the Bankruptcy Court for reclamation of the assets covered by the chattel mortgage assigned to it by the Blackduck State Bank. Upon the filing thereof, a show cause order was duly issued by the Referee in Bankruptcy. The essence thereof was that the Small Business Adminis-tration had filed a reclamation petition before the Trustee in Bankruptcy, alleging that no equity existed in the mortgaged property held by the Small Business Administration. There is no dispute in the record of this case that the value of the assets so claimed by the Small Business Administration was not equal to, or worth any sum in excess of, the amount claimed by the Small Business Administration in its reclamation petition.

On the return date of the show cause order, appellant filed a petition in the Bankruptcy Court which he denominated a "Petition to Set Aside a Voidable Preference." In paragraph 12 thereof, he alleged that such petition was "prompted in reply and answer" to the show cause order then set for hearing before the Referee in Bankruptcy. On that particular date, the only matter pending before the Referee in Bankruptcy was the petition filed by the Small Business Administration, seeking a turn-over of the property claimed by it as above.

A hearing was duly held on the petition of the Small Business Administration and after the issues as raised thereby were heard by the Referee in Bankruptcy, appellant sought an adjournment of the hearing then conducted by the Referee. At that stage of the proceedings then held before the Referee, he required the Trustee in Bankruptcy to make an offer of proof as to all facts which he, the Trustee, desired to present in defense of the turn-over petition then pending before him. After appellant stated all the facts which he asserted he intended to prove in relation to his motion to set aside a voidable preference, the Referee rejected appellant's offer of proof. It appears from the record here that the offer of proof then made by appellant was not germane to a full and complete hearing of the only matter that was then pending before the Referee in Bankruptcy, namely, the application of the Small Business Administration for a turn-over order.

The offer of proof as then made by appellant was wholly in relation to the

548

issues as raised by his motion to set aside a voidable preference. The Referee in Bankruptcy ruled that "the trustee of the bankrupt's estate has no adequate or proper defense warranting denial of the prayer of the reclamation petition filed by the Small Business Administration * * *."

In a memorandum attached to his findings, conclusions and order as made by the Referee in the reclamation proceedings, supra, it is stated that the evidence which the Trustee then claimed he would introduce, if the proposed adjournment hearing was held, would be to the effect that there was no basis for the reclamation petition then pending before the Referee. The essence of what the Trustee then sought to establish was that the capital stock of the bankrupt corporation had never been paid for; that the statutory law of the State of Minnesota, under which bankrupt was organized, had not been complied with; that Edmonds was prohibited from transacting any business until the statutory provisions relating to its incorporation had been complied with; that under applicable law the bankrupt corporation lacked capacity to enter into any security transaction involving a mortgage of its assets such as here considered; and that the bankrupt corporation never had existence as a legal corporate entity.

That there is no merit to such contention is established in the case of Moe et al. v. Harris et al., 142 Minn. 442, 172 N.W. 494. There it appears to be the settled law of the State of Minnesota that when a corporation has been completed as required by the statutes of that State, a *de jure* corporation has been brought into existence, notwithstanding that no capital stock was subscribed or paid into the treasury of the corporation. See also, In re O'Brien, in combination with Rodgers v. National Citizens Bank, (D.C.) 40 F.2d 554, where it is ruled that the signing, filing and publication of Articles of Incorporation is sufficient to create a *de jure* corporation, within the purview of the Minnesota Business Act, § 301.06 Minn.Stats.Anno.

It appears from the record that the Referee in Bankruptcy admits that he refused to grant appellant's motion for a continuance of the hearing then held by him and that this might be considered as being erroneous. However, as the Referee points up, the petition for review as filed by appellant "does not indicate that this is one of the grounds" upon which appellant seeks a review of the proceedings had before the Referee. "Therefore, as (ruled by the Court below, there is) no issue for review" here in respect to that matter. Cf. In re Hot Springs Broadcasting, Inc. (D.C.W.D. Ark.), 207 F.Supp. 303; In re Inman (D.C.Me.) 157 F.Supp. 506. Hence that issue in this appeal is moot. Coulter v. Blieden (8 Cir.), 104 F.2d 29; Quinn v. Gardner (8 Cir.), 32 F.2d 772; In re Production Aids Co. (D.C.), 193 F.Supp. 180. In light of the foregoing, neither the Referee nor the District Court in the case at bar can be held to have committed reversible error for failure to grant the Trustee a continuance in respect to the hearing, which is the only ruling made by the Trustee which might have been subject to review in this appeal, had it been properly saved for review.

We have reviewed all the proceedings had before the Referee in this appeal, including his findings of fact, conclusions of law, and order as entered by him on the reclamation petition as filed by the Small Business Administration, ante. The essence of the contentions as made by the Trustee in this appeal is manifestly frivolous and wholly without merit. There can be no question here as to the fact that the Small Business Administration had a valid right to reclaim the property covered by the chattel mortgage assigned to it by the Blackduck State Bank, upon a finding by the Referee that "no equity existed" in favor of this bankrupt's estate in excess of the amount due and owing to the Small Business Administration. Hence no voidable preference appears from the facts as adjudicated by the Referee in the case at bar.

The Referee found that "all the statutory provisions" in relation to a reclamation claim had been duly complied with and such facts established that the Small Business Administration was then the legal holder and owner of the chattel mortgage here considered. The Trustee in Bankruptcy made no statement of fact or offer of proof before the Referee in this case which in anywise would militate against the granting of the reclamation petition of the Small Business Administration.

■ The memorandum of the Referee, filed of record, establishes that the Blackduck State Bank was the transferee named in the chattel mortgage duly executed by the debtor in this case; that the Small Business Administration was not a party to the original security transaction, and that the Small Business Administration "could not possibly be * * charged as a transferee under the provisions of the Bankruptcy Act (as claimed by) the trustee."

■ In light of the foregoing and the condition of the record before us, there is no way for this Court to determine what evidence was before the Referee in Bankruptcy. Hence we can only indulge the presumption that that Court's findings are supported by the evidence. Oriole Phonograph Co. et al. v. Kansas City Fabric Products Co. et al., (8 Cir.) 34 F.2d 400. Where the Referee's findings of fact are approved on review by the District Court, they are presumptively correct and should be allowed to stand unless some obvious error has occurred in the application of the law, or some serious or important mistake has been made in the consideration of the evidence by the Referee. In reviewing the orders of the Referee in Bankruptcy, all presumptions with respect to the regularity of the proceedings before the Referee are to be indulged in favor of his order. Lamson Bros. & Co. v. Turner (8 Cir.) 277 F. 680; In re Albert-Harris, Inc., (D.C.) 213 F.Supp. 602, aff. (6 Cir.) 313 F.2d 447; In re Maltese, (D. C.) 195 F.Supp. 358.

The order appealed from is affirmed.