In the Matter of SOLARI FURS, a Partnership, Theodore Rosenberg and Robert Rosenberg, Bankrupts-Appellants,

v.

UNITED STATES of America, Appellee.

No. 20186.

United States Court of Appeals, Eighth Circuit.

Jan. 21, 1971.

Rehearing Denied and Rehearing En Banc Denied Feb. 22, 1971.

See also D.C., 263 F.Supp. 658.

Warren S. Earhart, Grandview, Mo., for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., for appellee; Daniel Bartlett, Jr., U. S. Atty., of counsel.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and REGISTER, Chief District Judge.

REGISTER, Chief District Judge.

This is an appeal from an order of the district court affirming certain orders of the Referee in Bankruptcy allowing claims of the United States against the partnership estate in the sum of $19,351.06, against the estate of Theodore Rosenberg in the sum of $17,407.92, and against the estate of Robert Rosenberg in the sum of $18,545.03. The Referee's orders involved claims for income and excise taxes.

Objections to the subject claims were heard on March 1 and 7, 1967, by Referee William O'Herin, retired. Upon the retirement of Referee O'Herin, the parties stipulated the matters in controversy to Referee Robert E. Brauer upon the record made before Referee O'Herin.

Preliminarily, we point out that in this review we are limited by and apply the well-established principle that the Referee's findings of fact are to be accepted unless clearly erroneous. Shainman v. Shear's of Affton, Inc., 387 F.2d 33, 37 (8th Cir.1967). Further, in a case such as this where the Referee's findings have been approved on review by the District Court, such findings are presumptively correct and should stand "* * * unless some obvious error has occurred in the application of the law, or some serious or important mistake has been made in the consideration of the evidence by the Referee." Tarutis v. United States, 354 F.2d 546, 549 (8th Cir.1965).

Bankrupts assert that the District Court erred in affirming three separate orders of the Referee by which (1) the Government was allowed its reduced claim against the individual bankrupts for 1960 income taxes due as a result of disallowing certain expenses claimed on the partnership income tax return; (2) certain set-off claims against their other tax liabilities were denied the individual bankrupts; and (3) the Government's claim for 1961 excise taxes was allowed. We consider these issues in the order stated.

## I.

For the year 1960 the partnership (composed of Robert and Theodore Rosenberg) reported on its income tax return an expense item in the sum of $16,045.50 for "contract repairs"—that is, repairs, alterations and renovations of furs or fur garments. The effect of such deduction, of course, was to reduce the net tax liability of the individual partners. The expense item was disallowed by the Internal Revenue Service, and deficiency assessments were made

against the individual bankrupts. The original claims ($3,783.50 plus interest against Theodore Rosenberg and $2,818.59 against Robert Rosenberg) were reduced to $785.16 plus interest and $2,038.59 plus interest, respectively, as a result of credits granted for overpayments of their 1961 income tax.

The thrust of bankrupts' argument in support of their objection to the allowance of the Government's claim is directed to the proposition that the Referee went outside the record and considered documents not formally introduced in evidence in making his determination. It is further alleged that the bankrupts were given no opportunity to explain or refute these documents.

The material which was relied upon, of which the bankrupts complain, consisted of books and records of the bankrupts which were in the courtroom during the hearing on the objections and from which a balance sheet and profit and loss statement of the bankrupts' partnership had been prepared by an accountant. The balance sheet and statement were formally offered in evidence and were identified and referred to by the accountant in his testimony. These were, in effect, summaries of the original and genuine business records and papers in the possession of the Trustee and were the bases of the documentary evidence offered and received. While it would have been better practice to have had these original books and papers identified as supplementary exhibits, we find no error in their consideration by the Referee. Where summaries of voluminous records are offered into evidence, it is usual procedure, and often a condition to the admission of the condensed material, that the mass of original data be deposited in court for examination. Ryder Truck Rental, Inc., v. National Packing Co., 380 F.2d 328 (10th Cir.1967); Board of County Commissioners, etc. v. William J. Howard, Inc., 230 F.2d 561 (10th Cir.), cert. denied 351 U.S. 926, 76 S.Ct. 784, 100 L. Ed. 1456 (1956); De Cicco v. Uniroyal, Inc., 293 F.Supp. 1190 (D.Or.1968); Cf.

In re Shelley Furniture, Inc., 283 F.2d 540 (7th Cir.1960).

The Government, in support of its claim, met its initial burden of going forward by introducing the delinquency assessment and proof of claim. Bankrupts then offered documentary and testamentary evidence to rebut the Government's proof. The Referee found the bankrupts' evidence to be contradictory and incomplete, and in an effort to clear up these discrepancies he searched through the original documents. Such search resulted in the discovery of certain invoices which established the propriety of a "contract repair" deduction to the extent of $1,267.50. Had the Referee not considered the original records from which the summaries were made, it is most probable that the entire $16,045.50 would have been disallowed.

It is patently clear that the Referee consulted original records *not* for the purpose of bolstering the Government's claims, but for the sole purpose of clarifying and making meaningful the evidence received.

There is an additional reason why we affirm the lower court's decision on this issue. Section 93(k) of Title 11, U.S.C.A., provides that:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case, before but not after the estate has been closed."

This statute, when read together with General Order 21(6) of the General Orders in Bankruptcy, which provides that

"When the * * * bankrupt * * * shall desire the reconsideration of any claim allowed against the estate, he may apply by petition to the referee to whom the case is referred for an order for such reconsideration, and thereupon the referee shall make an order fixing a time for hearing the petition, of which due notice shall be given by mail addressed to the creditor. At the time appointed the referee shall take the examination of the

creditor, and of any witness that may be called by either party, and if it shall appear from such examination that the claim ought to be expunged or diminished, the referee may order accordingly.",

affords a bankrupt a procedure whereby he may have a "second chance" to present and argue his objection before the Referee. This procedure was not availed of by the objecting bankrupts in this case. Further, there is no showing that, had such procedure been followed and reconsideration of the claim granted, the bankrupts could have rebutted the facts as found by the Referee. See: Vol. 3, Collier on Bankruptcy, 14th Ed., § 57, par. 23, pp. 356–371. Bankrupts' assertion that they were not given an opportunity to explain, rebut or refute the records not formally introduced into evidence which were considered by Referee Brauer is, in our view, without merit.

## II.

■ Bankrupts next assert that the Referee (and, in its affirmance of the Referee's order, the District Court) erred in reducing their claims for refund and resulting set-off because of overpayment of their 1961 income taxes. The basis of this argument is that they (bankrupts) suffered a net capital loss for the year 1961 and consequently were entitled to a substantial deduction by reason thereof.

This argument, in effect, disputes the Referee's findings of fact concerning this issue. The bankrupts offered documentary and testimonial evidence in support of their claim that they sustained a net capital loss. In rejecting the bankrupts' claims, the Referee specifically found they failed to sustain their burden of proving a net capital loss. The Referee took judicial notice of the fact that the books and records upon which bankrupts relied in attempting to establish their claim of net capital loss had been held in a prior judicial proceeding to be "insufficient to afford a reasonably complete and understandable picture of

the financial condition and business transactions of the partnership." In re Solari Furs, 263 F.Supp. 658, 666 (E.D. Mo.1967). It was also shown that the accountant who prepared the exhibits upon which the bankrupts relied in pressing this claim had neither audited the books and records nor verified the figures supplied him.

■ Bankrupts' complaint that the Referee failed to redetermine or recompute the alleged capital loss lacks merit, in view of the fact that it was because of bankrupts' failure to keep and maintain their business records in such condition that would make a redetermination or recomputation possible.

## III.

Lastly, the bankrupts assert error in the allowance by the Referee of the Government's claim for excise taxes in the year 1961.

This tax was assessed under Section 4011 of the Internal Revenue Code of 1954 (then in effect), which imposed

" * * * upon the following articles sold at retail a tax equivalent to 10 percent of the price for which so sold: Articles made of fur on the hide or pelt, and articles of which such fur is the component material of chief value * * *."

■ Here, too, the dispute arises because of the incomplete and inaccurate business records kept by the bankrupts. The bankrupts attempted to meet their burden of rebutting the presumptively correct assessments by introducing the partnership's sales journal, which purportedly proved that the sales covered by the assessments were actually made to other fur dealers for resale and therefore were not sales made "at retail." They also offered the testimony of Robert Rosenberg to that effect. The Referee specifically found, however, that

" * * * the partnership's Sales Journal, Bankrupts Exhibit X, alone, or together with Robert Rosenberg's testimony, is not of sufficient proba-

tive value to rebut the presumption of correctness of the assessment."

What we have heretofore said concerning petition for reconsideration under Section 93(k) of Title 11, U.S.C.A. and General Order 21(6) of the General Orders of Bankruptcy is applicable to our discussion under issues II and III, above.

Having considered the matter before us in its entirety, we reach the ultimate conclusion that the Referee's findings are supported by credible evidence and are not clearly erroneous; we are convinced that no error has occurred in the application of the law, nor has any serious or important mistake been made in the consideration of the evidence by the Referee.

The order appealed from is affirmed.