FAGG, Circuit Judge.
 

 Valley State Bank and the Farmers Home Administration (FmHA) appeal the district court’s affirmance of a bankruptcy court ruling in a lien priority dispute arising out of the failure of Sepco, Inc.’s alcohol fuel production facility in South Dakota. The Bank and FmHA seek priority for security interests first acquired by the Bank and now shared by FmHA in return for financing construction of Sepco’s facility. The bankruptcy court found that Arlon Industries, Inc., has a valid mechanic’s lien on Sepco’s plant and equipment with priority over the Bank’s security interests in the same property, 36 B.R. 279, and the district court affirmed. We affirm the judgment of the district court.
 

 Because the value of Sepco’s estate is insufficient to satisfy the liens of both the Bank and Arlon, the Bank urges reversal on two grounds. First, the Bank claims that Arlon’s mechanic’s lien is invalid because it was not timely filed, it contains willful misstatements, and it claims an unreasonable amount for the value of Arlon’s lien. Second, assuming Arlon’s lien is valid, the Bank claims that Arlon agreed to subordinate its lien to any security interests acquired by the Bank.
 

 As the bankruptcy court found the facts, Sepco first contacted Arlon in October 1979 to buy a piece of alcohol production equipment for Sepco’s plant. In early 1980, Sep-co ordered more pieces from Arlon, and by February 1980 Arlon and Sepco had established a relationship which remained permanent and continuous for the rest of Sep-co’s life. Though the details of Arlon’s obligations changed as Sepco’s experimental design evolved, Arlon remained Sepco’s prime supplier of alcohol production equipment until the plant closed on May 16, 1981. On May 18, 1981, Arlon filed a me
 
 *53
 
 chanic’s lien for the unpaid balance on equipment and labor.
 

 Valley State Bank financed Sepco’s operation with a series of secured loans beginning in June 1980. In July 1980, the Bank sought to strengthen its position by asking Arlon to subordinate its lien priority position to that of the Bank. Without contacting anyone at Sepco, a Bank officer presented Arlon with a document that memorialized Arlon’s and Sepco’s completed and contemplated obligations and subordinated Arlon’s lien rights to the security interests of the Bank. Arlon’s officers signed the document in reliance on the Bank officer’s promise to ensure that funds would be set aside from future advances to Sepco to satisfy Sepco’s debts to Arlon. The Bank did not perform its promise to earmark funds for Arlon.
 

 The bankruptcy court held that Arlon’s mechanic’s lien, filed two days after it finished work at the Sepco site, assumed the transaction’s commencement date of February 1980 as its priority date, well before the Bank filed its security interests. In addition, the bankruptcy court determined that Arlon’s mechanic’s lien did not contain willful misstatements and that its claim was reasonable. Finally, the bankruptcy court refused to enforce the subordination agreement on grounds of lack of consideration, fraud, equitable estoppel, unjust enrichment, and equitable subordination under 11 U.S.C. § 510(c). The district court affirmed the bankruptcy court’s decision on the ground that lack of consideration alone is sufficient to justify invalidating the subordination agreement.
 

 When the bankruptcy court’s findings have been approved on review by the district court, the findings are presumptively correct and will not be set aside “ ‘unless some obvious error has occurred in the application of the law, or some serious or important mistake has been made in the consideration of the evidence.’ ”
 
 Solari Furs v. United States,
 
 436 F.2d 683, 684 (8th Cir.1971) (quoting
 
 Tarutis v. United States,
 
 354 F.2d 546, 549 (8th Cir.1965)). After a careful review of the record, we find no error in the lower courts’ findings or conclusions concerning the validity of Arlon’s lien.
 

 The record supports the lower courts’ finding that Arlon received nothing in return for signing a subordination agreement. Both the bankruptcy and district courts interpreted South Dakota law,
 
 e.g., American State Bank v. Cwach,
 
 85 S.D. 562, 187 N.W.2d 107, 109-10 (1971), to prevent the Bank and FmHA from taking advantage of the agreement. We see no reason to deviate from the deference normally accorded to a district court’s interpretation of the law of the state in which it sits,
 
 see, e.g., Mitchell v. City of Minneapolis,
 
 707 F.2d 490, 491 (8th Cir.1983).
 

 The judgment of the district court is affirmed.